[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 521.]

BROZ, EXR., ET AL., APPELLANTS, *v.* WINLAND ET AL.; AMERICAN STATES
INSURANCE COMPANY, APPELLEE.

**[Cite as Broz v. Winland, 1994-Ohio-529.]**

*Insurance—Determination made in declaratory judgment action between
insurance company and its insured does not bind persons injured by the
insured's negligence who are not parties to the declaratory judgment
action.*

A determination made in a declaratory judgment action between an insurance
company and its insured does not bind persons injured by the insured's
negligence who are not parties to the declaratory judgment action.

(No. 92-2370—Submitted December 14, 1993—Decided March 30, 1994.)

APPEAL from the Court of Appeals for Lake County, No. 91-L-173.

———————————

{¶ 1} On July 16, 1989, Rosemarie Broz, her fiance Dana Dominick, and
her mother Rose Marie Broz were involved in an automobile accident when their
vehicle was struck by an automobile driven by Melissa Winland. Rosemarie was
severely injured and her mother and fiance were killed. Rosemarie Broz and
Richard E. Broz, as executor of the estate of Rose Marie Broz, appellants, brought
a tort action against Melissa Winland for the resulting personal injury and wrongful
death. The estate of Dana Dominick is not a party to this appeal.

{¶ 2} At the time of the accident, Melissa's father, Harold Winland, was
insured under an American States Insurance Company automobile policy. While
Melissa, as a family member, was a "covered person" pursuant to the policy, the
insurance contract excluded liability coverage for any person "using a vehicle
without a reasonable belief that the person is entitled to do so."

{¶ 3} While the tort action was pending, American States brought a separate declaratory judgment action against its insureds, Harold and Melissa Winland, seeking a determination that there was no coverage for Melissa because she did not have a reasonable belief that she was entitled to use the vehicle she was operating at the time of the accident. The court hearing the declaratory judgment action agreed and entered judgment for American States.

{¶ 4} Meanwhile, the tort action against Melissa had been set for trial. Prior to trial, however, and after the declaratory judgment, Melissa confessed judgment to the Brozes in the sum of $1.2 million. After the judgment went unsatisfied for thirty days, the Brozes filed a supplemental complaint against American States pursuant to R.C. 3929.06.

{¶ 5} American States filed a motion to dismiss and a motion for summary judgment, raising the affirmative defense of *res judicata* because of the determination reached in the declaratory judgment action. Both motions were denied and the case proceeded to trial.

{¶ 6} At trial, Melissa testified concerning the events leading up to this tragedy. According to Melissa, on July 16, 1989, she accompanied her friend, Tisa Yates, and Tisa's parents to a high school graduation party. Tisa, her parents, and Melissa arrived at the party around 5:30 p.m. Tisa's brother, Daniel, also attended the party; however, he drove separately.

{¶ 7} At approximately 8:15 p.m., Tisa's parents decided to leave the party. Mr. and Mrs. Yates informed the girls they would be back around 9:30 p.m. to take them home. After Mr. and Mrs. Yates left, the girls offered to drive another friend home. Although neither Tisa, age eighteen, nor Melissa, age seventeen, had a driver's license, Tisa's brother Daniel gave his car keys to Tisa and gave Tisa permission to drive his car. However, Daniel expressly instructed his sister not to let Melissa drive. Melissa overheard this conversation.

2

{¶ 8} Once outside the house, Tisa asked Melissa to back the car out of the parking space, because she had difficulty in doing so. According to Melissa, Melissa continued driving at Tisa's request. Melissa also testified that she sought to relinquish the driving responsibilities to Tisa on two more occasions, but Tisa claimed she could not drive because she had been drinking. Although Tisa testified that Melissa had specifically requested permission to drive, she admitted she allowed Melissa to do so because she was afraid that they could be stopped by the police, and she felt the penalties would not be as harsh for a seventeen-year-old.

{¶ 9} After driving their friend home, the girls were on their way back to the party when Melissa lost control of the vehicle, causing this tragic collision.

{¶ 10} At the close of the plaintiffs' case, the trial court granted American States' motion for a directed verdict, ruling as a matter of law that Melissa had been without a reasonable belief that she was entitled to operate Daniel Yates's vehicle. The Brozes appealed and American States cross-appealed the trial court's decision denying the motion to dismiss and motion for summary judgment based upon *res judicata*.

{¶ 11} The court of appeals upheld the directed verdict and reversed the trial court's denial of American States' motion for summary judgment.

{¶ 12} The cause is now before this court pursuant to the allowance of a motion to certify the record.

_____

*Jeffries, Kube, Forrest & Monteleone Co., L.P.A.*, *Michael R. Kube* and *William J. Shramek*, for appellants.

*Smith, Marshall & Weaver* and *Stephen C. Merriam*, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 13} The legal issue we are asked to decide is whether a determination made in a declaratory judgment action between an insurance company and its insureds binds persons injured by the insured's negligence who are not parties to the declaratory judgment action. For the reasons which follow, we hold that injured persons not parties to a separate declaratory judgment action are not bound by such decision, and thus are not precluded from litigating the issue of insurance coverage in an R.C. 3929.06 supplemental proceeding.

I

{¶ 14} American States obtained a declaratory judgment against its insureds, Melissa and her father, that determined that it had no duty to indemnify Melissa under the terms of the insurance policy because Melissa had no "reasonable belief" that she was entitled to use the car. Because of this judgment, American States filed a motion for dismissal and a motion for summary judgment in the tort action, arguing that the doctrine of *res judicata* prevented the Brozes from trying to collect from American States. The Brozes contend, however, that *res judicata* does not attach, as they were never parties to the declaratory judgment proceeding.

{¶ 15} The concepts of *res judicata*, more specifically the doctrine of collateral estoppel, have no application to this matter. We have long held that mutuality of parties is a requisite to collateral estoppel. *Whitehead v. Gen. Tel. Co. of Ohio* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978. In *Goodson*, this court stated this general rule, and noted, "[a]s a general principle, collateral estoppel operates only where all of the parties to the present proceeding were bound by the prior judgment. * * * A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." *Id.* at paragraph one of the syllabus. The rationale for this general rule was articulated in *Goodson*:

"The main legal thread which runs throughout the determination of the applicability of *res judicata*, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Id.* at 200-201, 2 OBR at 739, 443 N.E.2d at 985.

{¶ 16} The application of *res judicata* would deny appellants the right to litigate an issue they did not litigate in the declaratory action. They were not parties to this prior action nor were they in privity with the Winlands in the action. In fact, the Winlands and the appellants were adverse parties, at least in regard to the underlying tort action. The Winlands' primary concern is to insulate themselves from liability, whereas the appellants' concern is to obtain redress for their injuries. Thus, it cannot reasonably be found that the Winlands were adequate surrogates to protect the rights of the appellants. Thus, the appellants, who were neither engaged in the litigation of the declaratory judgment action nor in privity with the Winlands, cannot be bound by the decision reached in the prior action.

{¶ 17} In finding that appellants were barred from litigating the issue of coverage on grounds of *res judicata*/collateral estoppel, the court of appeals relied on the related cases of *Luntz v. Stern* (1939), 135 Ohio St. 225, 14 O.O. 62, 20 N.E.2d 241 and *Conold v. Stern* (1941), 138 Ohio St. 352, 20 O.O. 449, 35 N.E.2d 133. However, these cases are distinguishable.

{¶ 18} Both *Luntz* and *Conold* evolved from a single auto accident where Stern was the driver of the car and Luntz and Conold were passengers. Luntz's executors and Conold brought separate actions against Stern. In the first case, Luntz's executors obtained a judgment against Stern. A supplemental proceeding against the insurer determined that the insurer was obligated to Stern. On appeal, this court found on undisputed facts that Stern had failed to cooperate with his insurer and that this breach of contract resulted in no coverage to Luntz.

{¶ 19} In *Conold*, Conold also obtained a judgment against Stern and brought a supplemental proceeding against Stern's insurer. The insurer asserted

Stern's breach of contract as a defense and argued that the decision in *Luntz* operated as *res judicata* against Conold. This court ruled that the adverse judgment in *Luntz* was *res judicata* as to the rights of the Stern's insurance company and Stern.

{¶ 20} The distinguishing characteristic of *Luntz* and *Conold*, however, is that Luntz was a party to the supplemental proceeding that determined the rights between Stern and his insurance company. Therefore, he had the opportunity and the incentive to litigate his rights and dispute any claim made by the insurance company against its insured. Moreover, Conold was in privity with Luntz, who had the same interests as Luntz in establishing that coverage existed. In the present case, the same cannot be said. The Brozes were not parties to the declaratory judgment action between the Winlands and American States nor were their rights adequately represented by the Winlands.

{¶ 21} Finally, we note that the procedure used by American States to determine whether it would have any duty to indemnify its insured in the underlying tort action was specifically authorized in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118.

{¶ 22} More recently, in *Krejci v. Prudential Prop. & Cas. Ins. Co.* (1993), 66 Ohio St.3d 15, 607 N.E.2d 446, we answered the following certified question in the negative: "Does Ohio Revised Code § 3929.06 preclude an injured person from bringing any action, including a declaratory judgment action, against the tortfeasor's insurer unless the injured person has first obtained a judgment against the insured?"

{¶ 23} Reading *Gill* and *Krejci* together, it becomes apparent that either a tortfeasor's insurer or an injured victim may initiate a direct action to determine the liability insurer's obligation to indemnify in the event a judgment is obtained against the tortfeasor. The fact that the injured victim can initiate such an action is significant. R.C. 2721.03 provides that a declaratory judgment action is available

6

to "[a]ny person interested" under a written contract of any nature for purposes of establishing rights and duties thereunder. Thus, even before judgment against the tortfeasor is obtained, an injured victim is an interested party under the tortfeasor's insurance policy.

**{¶ 24}** The declaratory judgment action involved the Brozes' interests as much as any other party who participated in that proceeding. Thus, appellants were clearly proper parties to the declaratory judgment between American States and the Winlands and in order to be bound by its decision, they should have been joined in that action. R.C. 2721.12 mandates that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. *No declaration shall prejudice the rights of persons not parties to the proceeding*." (Emphasis added.)

**{¶ 25}** Thus, according to the terms of the statute, in order to bind the injured tort claimant to the declaratory judgment, American States had to join the Brozes in that proceeding. Because it failed to join the Brozes in its declaratory judgment action, American States cannot now claim that appellants are forever barred from litigating the issue of insurance coverage. This holding is in accord with decisions reached in other jurisdictions. See, *e.g.*, *S. Farm Bur. Cas. Ins. Co. v. Robinson* (1963), 236 Ark. 268, 365 S.W.2d 454; *Shapiro v. Republic Indemn. Co. of Am.* (1959), 52 Cal.2d 437, 341 P.2d 289; *Pharr v. Canal Ins. Co.* (1958), 233 S.C. 266, 104 S.E.2d 394. In this regard, R.C. 2721.14 instructs that R.C. 2721.12 "shall be so interpreted and construed as to effectuate [its] general purpose to make the law of this state uniform with the law of those states which enact similar sections."

II

**{¶ 26}** After hearing the plaintiffs' evidence, the trial court directed a verdict in favor of the defense, ruling as a matter of law that Melissa had been without a

reasonable belief that she was entitled to use the car. The Brozes contend that this was a factual determination to be made by the jury. We agree.

{¶ 27} The Brozes admit that Melissa heard her friend's brother say that Melissa was not to drive the car. However, this fact does not by itself lead to the inescapable conclusion that Melissa did not reasonably believe that she was entitled to use the vehicle. Moreover, it is also undisputed that Tisa, the authorized user, gave Melissa permission to drive. We approve appellate case law which holds that permission from an authorized user creates a question of fact as to whether the driver had a reasonable belief that she was entitled to use the car. *Collins v. Fessler* (Dec. 5, 1983), Miami App. No. 83-CA-20, unreported, and *State Farm Mut. Auto. Ins. v. Progressive Cas. Ins. Co.* (July 26, 1988), Montgomery App. No. CA 10748, unreported. Indeed, if Melissa's testimony is believed, the authorized user refused to drive, claiming she was too intoxicated.

{¶ 28} In further support of its position, American States argues that Melissa was unable to have a reasonable belief that she was entitled to operate the car because she did not have a driver's license. It is true that Melissa was not licensed to drive; however, neither was Tisa, and her brother entrusted the vehicle to her. In *Blount v. Kennard* (1992), 82 Ohio App.3d 613, 612 N.E.2d 1268, the appellate court rejected a similar challenge, and stated that the test under the insurance policy was not whether the plaintiff believed he was licensed to drive but whether he reasonably believed he was authorized to drive the car.

{¶ 29} In ruling on a motion for a directed verdict, the court must construe the evidence most strongly in favor of the party against whom the motion is made and must give that party the benefit of all reasonable inferences that may be drawn from the evidence. Civ.R. 50(A)(4). This the court did not do. Whether Melissa had a reasonable belief that she was entitled to use the car is a jury issue.

{¶ 30} Accordingly, for the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

_____