JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25. the record from the lower court, the briefs and the oral arguments of counsel.
Appellant appeals the trial court's granting of summary judgment against him. Because the record supports the trial court's decision, we affirm.
The facts giving rise to the within appeal are as follows. Appellant Joseph P. Dailey (hereinafter "appellant") purchased a condominium for $24,000 in a building known as "the Envoy" on March 15, 1994. He was not informed of any structural problems at the time of purchase.
On or about December 1, 1994, appellant received a letter from the Envoy Condominium Association (hereinafter "the Association" or "appellee") informing its residents that severe structural problems in the garage had been discovered in early 1992. The Association is a not-for-profit corporation organized pursuant to R.C. Chapter 5311. to operate the condominium property. Appellee determined that a special assessment, totaling $545,000, would be required in order to cover the necessary repairs. Appellant's share of the assessment totaled $4,947.87.
On June 2, 1995, appellant filed an action in the Cuyahoga County Court of Common Pleas against Adam Construction Company, Associated Estates, and Realty One alleging misrepresentation and fraud for failing to disclose the defects that had been discovered prior to appellant's purchase of his unit. This case (hereinafter "the fraud action") was assigned Case No. 290382.[1]
On June 21, 1996, appellee, pursuant to R.C. 5311.18 (A), [2]
filed a lien for unpaid assessments, which, at the time of the filing of the lien, totaled $945.88 plus interest at 10% per annum. On August 27, 1996, appellee filed a complaint for foreclosure against appellant arising from the unpaid assessments (hereinafter the foreclosure action.) As of August 20, 1996, the balance due, including maintenance fees and assessments, totaled $1,453.93.
The foreclosure action was assigned Case No. 314187. The foreclosure action was not identified as a "related case" on the case designation form, and no motion to consolidate the two actions was ever filed. See Civ.R. 42 (A); Loc.R. 15 (H).
Prior to the filing of the foreclosure action by appellee, on July 15, 1996, appellant filed a motion for summary judgment in the fraud action. He also filed a motion seeking to discharge the lien that had been filed against him by appellee despite the fact that appellee was not a party to the fraud action.
The trial court, in its September 17, 1996 judgment entry in the fraud action, granted appellant's motion for summary judgment, awarding him judgment in the sum of $1,674.96 plus costs.[3] The court also stated: "The lien is discharged pursuant to R.C. 5311.18 (C)." Defendants Associated Estates and Adam Construction Company thereafter submitted a check to appellant in the amount of $1,806.66, and a Satisfaction of Judgment was filed.
Former defendant Realty One subsequently filed a motion to correct the record pursuant to Civ.R. 60 (A) or, in the alternative, motion for relief from judgment pursuant to Civ.R. 60 (B) on the grounds that the lien had not been at issue in the litigation. However, since Realty One had previously been dismissed from the action, the court denied the motion, noting that Realty One lacked standing and was not a party in interest.
On September 4, 1997, appellee filed a motion for summary judgment in the foreclosure action on the grounds that, as of the filing of the motion, appellant had failed to pay a total of $3,453.74 that had accrued from delinquent maintenance fees and the special assessment.[4] Appellant opposed the motion and filed a cross-motion for summary judgment, contending that the lien upon which appellee had based the foreclosure action had been declared invalid. On February 3, 1999, the lower court granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment. It is from this ruling that appellant appeals.[5]
Appellant states two assignments of error for our review. Appellant's first assignment of error is:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEN APPELLANT SHOWED THAT THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.
Appellant contends that the trial court in the foreclosure action improperly granted summary judgment in favor of appellee.
Before summary judgment can be granted, it must be determined that 1) no genuine issue as to any material fact remains to be litigated, 2) the moving party is entitled to judgment as a matter of law, and 3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to that party. Welco Industries, Inc. V. Applied Cos. (1993), 67 Ohio St.3d 344, 436, citing Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Summary judgments should be awarded with caution; courts must be careful to resolve doubts and construe evidence in favor of the non-moving party. Welco, citing Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356. A reviewing court will review a ruling on a motion for summary judgment de novo. Payton V. Rehberg (1997),119 Ohio App.3d 183, 187 citing Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711.
Appellee, in support of its motion for summary judgment, submitted the affidavit of its Managing Agent wherein she stated that appellant currently had an outstanding balance on his account in the amount of $3,453.74 with interest at 10% per annum. In opposition, appellant does not dispute that the balance is unpaid; instead, he argues that the lien had previously been discharged pursuant to R.C. 5311.18 (C) and that, therefore, an issue of material fact exists regarding the validity of the lien.
R.C. 5311.18 (C) provides:
 A unit owner who believes that the portion of the common expenses chargeable to his unit, for which a certificate of lien has been filed by the unit owners association pursuant to this section, has been improperly charged against him or his unit may commence an action for the discharge of the lien in the court of common pleas of the county in which all or a part of the condominium property is situated. In the action, if it is finally determined that the portion of the common expenses has been improperly charged to the owner or his unit, the court shall make such order as is just, which may provide for a discharge of record of all or a portion of the lien.
The record is clear that appellee was not a party to the fraud action. Without the participation of the lien holder, it would be impossible for a court to determine whether the expenses were improperly charged and to make an order "as is just" pursuant to this section.
The Ohio Supreme Court has held that "[a] trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings." State ex rel. Ballardv. O'Donnell (1990), 50 Ohio St.3d 182, 184. Thus, the trial court was without jurisdiction to enter judgment against appellee in the fraud action.[6]
The evidence before the trial court regarding appellee's motion for summary judgment indicates that appellant has an outstanding balance on his account and that appellee properly filed a valid lien pursuant to R.C. 5311.18 (A). The trial court reviewed the entire record, including the court's decision in the fraud action invalidating the lien. It concluded that summary judgment in appellee's favor was proper, apparently recognizing that the lien had been improperly invalidated.
It has been held "that a conflict in decisions between two judges of the same court does not constitute error, the issue being merely whether the court erred in "the judgment appealed from." Marathon Oil Co. v. Board of Zoning Adjustment (1975),44 Ohio App.2d 402, 403. The lower court granted summary judgment in appellee's favor. Our de novo review of the record indicates the trial court's decision was proper.
Appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE SAME ISSUES CONTAINED IN APPELLEE' S COMPLAINT WERE LITIGATED IN ANOTHER CASE IN CUYAHOGA COUNTY COMMON PLEAS COURT AND, THEREFORE, COLLATERAL ESTOPPEL PROHIBITS RELITIGATION.
Appellant next contends that the existence and validity of the lien had already been litigated; thus, he maintains, the foreclosure action should not have gone forward pursuant to the doctrine of collateral estoppel.
"Collateral estoppel is the doctrine that recognizes that a determination of facts litigated between two parties in a proceeding is binding on those parties in all future proceedings." State V. Lovejoy (1997), 79 Ohio St.3d 440, 443. The Ohio Supreme Court in Broz V. Winland (1994), 68 Ohio St.3d 521,523 quoted Goodson v. McDonough Power Equip., Inc. (1983),2 Ohio St.3d 193, regarding the general rule of collateral estoppel. The Goodson court recognized that "[a]s a general principle, collateral estoppel operates only where all of the parties to the present proceeding were bound by the prior judgment. * * * A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." Broz, supra, citing Goodson at paragraph one of the syllabus.
The rationale for the rule was stated as follows:
 The main legal thread which runs throughout the determination of the applicability of res judicata, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be "heard" in the due process sense.
Broz, supra, citing Goodson at 200-201. Appellee was not a party in the fraud action; thus, it had an opportunity to neither "fully litigate" nor "to be "heard' in the due process sense" on the issue of the validity of the lien. Appellant's contention that appellee's former counsel had been involved in the fraud action does not create the necessary privity between appellee and the parties to that action to invoke the doctrine of collateral estoppel.
Moreover, as noted in the discussion of appellant's first assignment of error, the trial court was without jurisdiction to enter judgment against appellee in an action where it was not a party. Appellee could therefore not be bound by the trial court's decision in the fraud case.
Appellant's second assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and PATRICIA A. BLACKMON, J. CONCUR.
 __________________________________ JUDGE KENNETH A. ROCCO
[1] Realty One filed a motion for summary judgment which was granted on November 16, 1995; thus, Realty One was dismissed from the fraud action.
[2] R.C. 5311.18 (A) provides: "Unless otherwise provided by the declaration or bylaws, the unit owners association shall have a lien upon the estate or interest of the owner in any unit and the appurtenant percentage of interest in the common areas and facilities for the payment of the portion of the common expenses chargeable against the unit that remains unpaid for ten days after the portion has become due and payable. The lien is effective on the date a certificate of lien is filed for record in the office of the recorder of the county or counties in which the condominium property is situated pursuant to authorization given by the board of managers. The certificate shall contain a description of the unit, the name of the record owner, and the amount of the unpaid portion of the common expenses and shall be subscribed by the president or other chief officer of the unit owners association. The lien is valid for a period of five years from the date of filing, unless sooner released or satisfied in the same manner provided by law for the release and satisfaction of mortgages on real property or discharged by the final judgment or order of a court in an action brought to discharge the lien as provided in this section."
[3] Although appellant in the fraud action initially sought to recover $4,947.87, the full amount of appellant's portion of the assessment, plus $2,500 for punitive damages, appellant subsequently amended his complaint to seek recovery in the sum of $1,674.26, the amount appellant had already paid toward the assessment prior to his filing of the fraud action, plus $2,500 for punitive damages. Appellant did not request punitive damages in his motion for summary judgment, and no punitive damage award was made.
[4] Appellant had continued to pay some of the maintenance fees. These payments are reflected on appellant's account summary, which is attached as an exhibit to appellee's motion for summary judgment.
[5] Pursuant to Third National Bank of Circleville v. Speakman
(1985). 18 Ohio St.3d 119, an order granting summary judgment in a foreclosure action is a final appealable order.
[6] No appeal was filed from the fraud action.