OPINION
In an automobile accident case tried in the Butler County Court of Common Pleas, the jury found that defendant-appellee, Michael H. Ruiz, was not negligent. Plaintiff-appellant, Samuel K. Reece, appeals, arguing that the jury's decision was against the manifest weight of the evidence and the trial court erred by not granting a directed verdict in favor of Reece or, alternatively, a new trial. We affirm the decision of the trial court.
On September 29, 1996, Reece was operating his 1984 FXST Harley Davidson motorcycle northbound on State Route 127 in Milford Township, Butler County, Ohio. Reece's female passenger, Marietta Roberts, lost her glasses when they had blown off her face. In order to retrieve the glasses, Reece made a U-turn on to southbound State Route 127 and pulled off to the berm. Reece checked his mirror and could see a car in the distance, but could not identify the vehicle. Reece began another U-turn to return to the northbound lane, but just after the front of his motorcycle crossed the center line, Ruiz struck it. This all occurred just south of the intersection of State Route 127 and Eaton Road. The speed limit on State Route 127 was fifty-five m.p.h.
Ruiz was traveling southbound on State Route 127. Ruiz had just taken his sister to Miami University in Oxford and was returning to Columbus. The weather was "dry and clear." It was a Sunday afternoon (approximately 4:30 p.m.) and Ruiz testified that he believed he was going the speed limit because he was not in any hurry to return home and "from the way the car was driving," he could "roughly" tell he was within the speed limit. Before reaching the intersection, Ruiz decided to pass a slower car in front of him. The slower car was driven by David Johnson whose wife was a passenger. Ruiz testified that he completed his pass of the Johnson vehicle before he reached the point near the intersection where the divided yellow lane line become solid, indicating no passing is permitted. When Ruiz first sighted Reece, Reece was still on the berm. Ruiz moved toward the left side of his lane, or closer to the middle of the road, in order to be certain of avoiding Reece. Just beyond the intersection, Ruiz struck Reece's motorcycle. Ruiz testified he was looking ahead at the traffic and did not see the motorcycle until the accident was unavoidable.
According to David Johnson, he was traveling fifty-five m.p.h. at the time Ruiz passed him. Johnson had checked his speedometer to see if he was going too slow. Johnson said to his wife, "Look at this guy," which he explained meant he was "startled * * * — I'm doing 55 and he's passing me at an intersection." Johnson testified that Ruiz was speeding and had made an illegal pass over a solid yellow line at the intersection. Johnson's wife stated that "[h]e's going to hit the motorcycle." Ruiz did hit Reece's motorcycle, and Johnson "slammed on [his] brakes," missing the accident by fifteen feet. Johnson indicated that he did not use his brakes immediately because he was "kind of stunned." Johnson testified that Ruiz never completed his pass to return to the northbound lane.
Frederick W. Lickert, an expert witness in accident reconstruction from Lost Science Technologies, testified to the cause of the accident. Lickert examined the accident scene on November 13, 1996, approximately six weeks after the accident. Lickert was retained by Ruiz as an expert witness. In his testimony, Lickert reached the following conclusions: Ruiz was traveling at sixty-four to sixty-five m.p.h. at the time he began braking and Ruiz was traveling approximately forty-one m.p.h. at the time of impact with Reece. Lickert testified that his conclusions were based on his assumption that Reece was braking "briskly," which affects the "coefficient of friction." Lickert described how the "coefficient of friction" is also affected by "the slipperiness of the road surface."
The negligence case was tried before a jury, which found in favor of Ruiz. Reece filed a timely notice of appeal and presents three "assignments of error" for our review:[1]
Assignment of Error No. 1:
 The trial court erred in denying appellant's motion for a directed verdict on the issue of appellee's negligence.
Assignment of Error No. 2:
 The jury's verdict that appellee was not negligent is against the manifest weight of the evidence.
Assignment of Error No. 3:
 The trial court erred in denying appellant's motion for a new trial.
In the first assignment of error, Reece argues the trial court erred by overruling his motion for a directed verdict on the issue of Ruiz's negligence. Pursuant to Civ.R. 50(A)(4), a motion for directed verdict may be granted on a determinative issue if, construing the evidence most strongly in favor of the nonmoving party, reasonable minds could only decide the issue in favor of the moving party. The nonmoving party is entitled to the benefit of all reasonable inferences in the evidence. Broz v. Winland
(1994), 68 Ohio St.3d 521, 526. A motion for directed verdict is a question of law and, therefore, as an appellate court, we review the lower court's decision de novo. Campbell v. Colley (1996),113 Ohio App.3d 14, 18.
Reece argues that the evidence leads to only one reasonable conclusion: Ruiz was negligently speeding. We disagree. Lickert testified that determining Ruiz's speed was dependent on, among other variables, the way in which Ruiz applied his brakes, i.e.
light, moderate or heavy. Ruiz was asked if he "slammed on [his] brakes" and replied that he did. However, when Ruiz' deposition testimony was discussed during Lickert's testimony, it was clear that Ruiz did not remember to what extent he braked after the collision, if at all. Lickert also could not testify to whether Ruiz made an illegal pass. The jury was entitled to disregard any part of the expert interpretation of the facts. The jury was also entitled to consider that Lickert was a paid expert hired by Reece. The evidence in this case was equivocal and the jury was entitled to find in favor of Ruiz. The first assignment of error is overruled.
In the second assignment of error, Reece argues the jury verdict was against the manifest weight of the evidence. The Supreme Court of Ohio has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence." C. E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280.
Reece argues that all of the competent, credible evidence showed Ruiz was speeding. We have already discussed in the first assignment of error that reasonable jurors could reach different conclusions about whether Ruiz was driving at an excessive rate of speed. Reece argues Ruiz was negligent because he passed on a solid yellow line and within one hundred feet of an intersection. The record shows Ruiz testified he legally changed lanes before the intersection and Johnson testified he changed lanes at the intersection. The expert testimony in this case was not helpful as to this question and, in any event, the weight to be given the expert testimony was for the jury to decide. The jury, as trier of fact, was in the best position to evaluate the credibility of these witnesses and decide whether Ruiz was negligent. The second assignment of error is overruled.
In the third assignment of error, Reece argues the trial court erred by overruling his motion for a new trial because the verdict was against the weight of the evidence. See Civ.R. 59(A)(6). A trial court has wide discretion with respect to whether to grant or deny a motion for a new trial. Kruss v. AlcanAluminum Corp. (1995), 106 Ohio App.3d 528, 538 (citations omitted). An order denying a new trial will not be reversed absent an abuse of discretion. Id. at 538-39. For the reasons given with regard to the first and second assignments of error, we find no abuse of the trial court's discretion. The third assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Although Reece fails to present any assignments of error as required by App.R. 16 and Loc.R. 11, we construe Reece's "issues" as the functional equivalent of assignments of error.