DECISION AND JUDGMENT ENTRY
This cause is before the court following the trial court's April 24, 2000 opinion and judgment entry denying defendant-appellant St. Vincent Mercy Medical Center's motion to dismiss the declaratory judgment action and motion for an order to stay the proceedings and compel arbitration. For the following reasons we reverse the decision of the trial court.
The following facts are pertinent to this appeal. On August 4, 1997, appellees Matthew Gerig, a minor, by and through his mother and next friend, Dawn Gerig, Dawn Gerig and Lemar Gerig ("Gerigs") commenced the action underlying this dispute. The complaint alleged that appellee, Gary Kahn, M.D., committed medical malpractice during the delivery of Matthew Gerig on January 18, 1997. On November 17, 1998, an amended complaint was filed which named additional defendants including appellant St. Vincent Mercy Medical Center ("St. Vincent"). The amended complaint stated that at the time of the alleged malpractice, appellee Kahn was acting as an agent, servant and/or employee of St. Vincent.
Additionally, during the pendency of the action, P.I.E. Mutual Insurance Company, the insurer St. Vincent contracted with to provide malpractice insurance for Kahn, became insolvent and ordered into liquidation on March 23, 1998. This order triggered the obligations of the Ohio Insurance Guaranty Association ("OIGA"). OIGA limits are $300,000. The Guaranty Act requires that all other insurance be exhausted prior to any payment by the OIGA.
On August 3, 1999, the Gerigs filed a motion for declaratory judgment asking the trial court to declare St. Vincent's obligation to provide Kahn four million dollars in self-insurance pursuant to the Affiliation Agreement between Kahn and St. Vincent. The Affiliation Agreement between Kahn and St. Vincent was entered into on March 15, 1997, and stated that St. Vincent would provide all professional liability insurance or self-insurance at its expense. In a letter dated March 14, 1997, St. Vincent agreed to maintain Kahn's insurance limits of one million dollars per occurrence, three million dollars annual aggregate and three million dollars in the excess for the entire five-year term of the Affiliation Agreement.
While the declaratory judgment motion was pending, St. Vincent filed a motion for summary judgment arguing that at the time of the alleged malpractice no agency or employment relationship existed. Moreover, St. Vincent has never assumed any of the liability of Kahn. Thereafter, St. Vincent was dismissed, without prejudice, by appellees.
Prior to its dismissal in the underlying case, St. Vincent filed its opposition to the Gerigs' motion for declaratory judgment arguing that the motion was procedurally defective. St. Vincent also argued that the dispute was the proper subject of arbitration pursuant to the Affiliation Agreement between Kahn and St. Vincent. Thereafter, on September 23, 1999, the Gerigs withdrew their motion for declaratory judgment stating that they had commenced a declaratory judgment action. In their complaint, filed September 9, 1999, the Gerigs asked the court to declare that "St. Vincent Mercy Medical Center must provide self-insurance at its expense for Dr. Kahn in the amount of Four Million Dollars ($4,000,000.00)." In addition to St. Vincent, the Gerigs also named, as defendants, the OIGA and Kahn.
On September 24, 1999, St. Vincent filed a motion to dismiss the Gerigs' complaint for declaratory judgment. In its motion, St. Vincent argued that, as "strangers" to the contract, appellees lacked standing to seek declaratory judgment. Second, St. Vincent argued that it and Kahn were bound to arbitrate the disputed provision in accord with the Affiliation Agreement.
In response, the Gerigs filed a memorandum in opposition arguing that as injured victims they have the requisite standing to maintain an action for declaratory judgment and, because they were not parties to the Affiliation Agreement, the Gerigs are not bound by its arbitration clause. Kahn's memorandum in opposition was in accord with the Gerigs'. St. Vincent filed a reply brief where it again urged the trial court to find that the Gerigs had no viable claim for declaratory relief and, even assuming that they were properly before the trial court seeking such relief, the request was superseded by the arbitration provision in the Affiliation Agreement.
On January 3, 2000, the OIGA filed a cross-claim for declaratory judgment against St. Vincent. The OIGA requested that the trial court interpret the Affiliation Agreement in order that it may properly determine its obligations, if any, under the exhaustion requirement of R.C. Chapter 3955.[1] Likewise, Kahn filed a counterclaim for declaratory judgment requesting that the trial court resolve the coverage dispute.
The motion that is the subject of the instant appeal, St. Vincent's motion to stay proceedings and to compel arbitration, was filed on January 24, 2000. In its motion, St. Vincent again stressed that the Affiliation Agreement governs the dispute over coverage and, accordingly, the matter must be submitted to arbitration. St. Vincent further argued that the underlying proceedings must be stayed pending the arbitration of the issues.[2] Oppositions to the motion were filed.
On April 24, 2000, the trial court rendered its opinion and judgment entry as to St. Vincent's motion to dismiss and motion to stay proceedings and for an order compelling arbitration. In its opinion, the trial court denied the motion to dismiss finding that the Gerigs' complaint met the three elements necessary to sustain a declaratory judgment action. Such elements are: (1) the action must be within the scope of the Declaratory Judgment Act (R.C. 2721.03); (2) a justiciable controversy must exist; and (3) speedy relief is necessary to preserve the rights of the parties. As to the motion for stay and for an order compelling arbitration, the trial court summarily denied it based upon the fact that it found that declaratory relief was appropriate.
On May 2, 2000, St. Vincent, pursuant to R.C. 2711.02,[3] filed a timely notice of appeal. On appeal, St. Vincent presents the following assignment of error:
 "The trial court erred in denying St. Vincent Mercy Medical Center's application for a stay of the declaratory judgment action and its motion to compel arbitration of the disputed issues concerning the Affiliation Agreement in accordance with the negotiated arbitration provision contained therein."
 Arbitration is encouraged as a method of dispute resolution and a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision.
Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471. The arbitration provision in the case at bar states:
 "18. Arbitration. Any controversy or claim arising out of, or relating in any way to, this Agreement or the breach thereof shall be resolved by arbitration in the City of Toledo, Ohio, in accordance with the rules then obtaining of the American Arbitration Association. The decision of the arbitrators shall be binding on the parties, and judgment upon the award rendered may be entered by any court having jurisdiction thereof."
The Affiliation Agreement provision St. Vincent asserts as the basis for its arbitration demand provides:
 "8. Other Duties of the Employer. During the term of this Agreement, the Employer shall:
"(a) * * *.
 "(b) Provide at its expense professional liability insurance or self-insurance with coverage limits not less than is required for members of the active medical staff of St. Vincent Mercy Medical Center, protecting the Employer and the Physician against all claims of or for malpractice and the cost and expense of defending same. * * *."
The above quoted arbitration provision is very broad and arguably covers the dispute. However, the Gerigs, Kahn and the OIGA have raised several arguments as to why the Gerigs should not be required to submit and/or be bound by an arbitration provision contained in a contract to which they are nonsignatories.
First, the Gerigs argue that as non-parties to the Affiliation Agreement they cannot be required to submit to the arbitration provision in the agreement. It is true that as a general proposition arbitration is contractual by nature and a party cannot be required to submit to arbitration any dispute which he did not agree to submit. AT TTechnologies, Inc. v. Communications Workers of Am. (1986), 475 U.S. 643. St. Vincent, on the other hand, counters that because the Gerigs seek to benefit from the contract between Kahn and St. Vincent, they must also assume any burdens under the contract, including the arbitration provision.
St. Vincent and Kahn rely on automobile insurance cases to support their positions. St. Vincent relies on Fawn v. Heritage Mut. Ins. Co. (June 30, 1997), Franklin App. No. 96APE12-1678, unreported. Fawn was a passenger in a vehicle involved in an accident and sued the driver's insurer. The court found that Fawn, as a third party beneficiary under the contract, was required to arbitrate the dispute pursuant to an arbitration clause in the contract. Id. at 4. The court reasoned that if Fawn, despite being a non-signatory to the contract, wished to accept the benefits of the contract she must also accept the burdens. Id. at 3.
In Broz v. Winland (1994), 68 Ohio St.3d 521, cited by Kahn, the Supreme Court of Ohio determined that an injured victim, just as a tortfeasor's insurer, may initiate a declaratory judgment action to determine a liability insurer's obligation to indemnify. Id. at 525. The court found that an injured victim is an "interested" person as defined in R.C. 2721.03. Id.
St. Vincent distinguishes Broz by stating that its application is limited to insurance coverage proceedings under R.C. 3929.06. This court agrees.
Kahn argues that Fawn does not apply to the instant case because the Gerigs are neither insureds under the self-insurance policy, nor are they third-party beneficiaries. This contention, it would appear, rather than affording the Gerigs the right to pursue a declaratory judgment action, affords them less and certainly no greater rights than Kahn under the Affiliation Agreement. The Fawn court further states that by accepting the benefits of the contract, the injured victim must also accept the burdens. This maxim, while not extensively used in Ohio case law, is the basis upon which other state and federal courts have carved out an exception to textbook contract law. Courts have applied the equitable estoppel doctrine in cases where a non-signatory derives a benefit from a contract containing an arbitration clause.
In Intl. Paper v. Schwabedissen Maschinen Anlagen (C.A.4 2000),206 F.3d 411, a dissatisfied buyer of an industrial saw commenced suit against the manufacturer on the basis of a contract between the manufacturer and distributor. Id. at 413. The contract contained an arbitration clause which the buyer sought to avoid. Finding that the buyer must submit to arbitration the court employed the doctrine of equitable estoppel. Id. at 417. Specifically, the court found that:
 "In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. `To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.' Avila Group, Inc. v. Norma J. of California, 426 F. Supp. 537, 542
(S.D.N.Y. 1977)." Id. at 418.
See American Bureau of Shipping v. Tencara Shipyard, S.P.A. (C.A.2 1999), 170 F.3d 349, 353, citing Thompson-CSF, S.A. v. AmericanArbitration Assn. (C.A.2 1995), 64 F.3d 773, 778-779.
In the instant case, the Gerigs' entire claim against St. Vincent hinges on the interpretation of the Affiliation Agreement. The parties do not contend that the arbitration provision itself is in any way invalid or unenforceable. Thus, in light of Ohio's strong presumption favoring arbitration, Williams v. Aetna Fin. Co., 83 Ohio St.3d at 471, and the fact that the Gerigs seek to benefit from the Affiliation Agreement, we find that the Gerigs are bound by the arbitration clause.
We further note that our finding encompasses the cross-claim of the OIGA which, like the Gerigs, seeks a declaration that St. Vincent is obligated to provide liability insurance for Kahn. The OIGA argues that its cross-claim is not covered under the arbitration provision as there is no "controversy or claim". We disagree. Simply because Kahn has not asserted a claim against St. Vincent it does not follow that, as the OIGA asserts, the parties are aligned and "would sit on the same side of the table at arbitration * * *." This is certainly not the case. Kahn has made it clear that he, as are the Gerigs and the OIGA, is seeking coverage from St. Vincent.
Accordingly, we find the trial court erred when it summarily denied appellant's motion to compel arbitration and stay the proceedings.[4]
Appellant's sole assignment of error well-taken and granted.
On consideration whereof, we find that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. The matter is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.
 _____________________ PIETRYKOWSKI, P.J.
 James R. Sherck, J., Richard W. Knepper, J. CONCUR.
[1] R.C. 3955.13 provides:
 "(A) Any person having a covered claim upon which recovery is also presently possible under an insurance policy written by another insurer shall be required first to exhaust his rights under such other policy. * * *."
[2] St. Vincent cites R.C. 2711.02 which provides, in part:
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, * * *."
[3] R.C. 2711.02 states, in relevant part:
 "An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *."
[4] While the trial court's denial of appellant's motion to dismiss is not before the court, we note that, under R.C. 2721.03, the Gerigs do not appear to be "interested" parties. Ohio case law has defined "interested" as a party with a legal interest opposed to a practical interest. SeeDriscoll v. Austintown Associates (1975), 42 Ohio St.2d 263; WestgateShopping Village v. Toledo (1994), 93 Ohio App.3d 507; Mad River EggFarm, Inc. v. York Township (June 27, 1986), Union App. No. 14-85-5, unreported.