I respectfully dissent from the majority opinion because I believe that the parties presented inconsistent evidence on the issue of liability which made credibility a critical issue and, thus, made directed verdict inappropriate in this case.
In ruling on a motion for a directed verdict, the court must construe the evidence most strongly in favor of the party against whom the motion is made and must give that party the benefit of all reasonable inferences that may be drawn from the evidence. Broz v. Winland (1994),68 Ohio St.3d 521, 526. Further, the Supreme Court of Ohio has consistently stated:
 "`When a motion for a directed verdict is entered, what is being tested is a question of law, that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses.'"
Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287, 294, quoting Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119, quoting Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69.
Here, the testimony of the witnesses raises the inference that Reidy may be at least partially responsible for the accident and that Morley may not be liable at all. A jury finding of comparative negligence could have been based upon the fact that the Morleys first observed Reidy at the right passenger-side window of their car, which opens the possibility that she emerged from between rows of parked cars and, as Morley urges, ran into the side of his car.
The Morleys testified that, after everyone got into the car, Glen Morley backed out of the parking space he occupied and proceeded down the aisle behind another vehicle. He waited for that vehicle to turn, then proceeded to the end of the aisle, stopped his car for ten to fifteen seconds, and waited for traffic to clear before attempting to turn right into the main thoroughfare of the parking lot. As he started moving the car only about three to five feet, his wife told him to stop because she saw the top of a person's head next to the passenger-side door.
Further, Glenn Morley testified that as he backed out of the parking spot, he saw a person, possibly a woman but not necessarily Reidy, moving between the rows of parked cars. Tara Reidy testified that after learning she had not left her headlights on, she began to jog slowly to the end of the aisle to return to the restaurant. She further testified that, as she prepared to cross the main road, Morley's vehicle struck the back of her left leg from behind, spun her around and knocked her to the ground, where she then watched the right front tire of his car run over a portion of her right foot, fracturing her second, third and fifth toes.
Given this state of the record, I believe that Reidy's credibility became an issue for the jury to consider as to the matter of liability, especially concerning the manner of impact. For example, as the majority implies, it is entirely consistent with the evidence that Reidy could have jogged past Morley's vehicle in his blind spot and was then struck by the front right side of the vehicle when Morley began his right turn. Equally consistent with the record, however, is the fact that Reidy simply appeared at the passenger side of the vehicle, allowing an inference that she could have jogged from between rows of cars and run into the side of Morley's vehicle, explaining how the right front passenger tire of Morley's car struck her right foot. In my view, the evidence adduced at trial presents a factual jury question, not a question of law. By granting a directed verdict, the court not only considered these evidentiary issues but also passed upon the credibility of the witnesses and, I believe, unfairly removed from jury consideration matters of disputed facts and witness credibility.
Construing the evidence most strongly in Morley's favor, I am not convinced that reasonable minds could only come to one conclusion on the evidence submitted. To me, reasonable minds could have easily concluded either that Morley did not see Reidy and struck her from behind, or that Reidy, in her haste to return to the restaurant to rejoin her friend, jogged from between the parked rows of cars into the path of Morley's slowly moving vehicle, contributing to her own injury. Thus, I do not believe the facts demonstrate this to be a directed verdict case. Accordingly, I would sustain Morley's first assignment of error, reverse the judgment of the trial court, and remand this case for a new trial.