OPINION
Appellee, Russell J. Meraglio, Jr., has moved this court to dismiss this appeal on the basis that the merits of this matter have been rendered moot. In support of his motion, appellee notes that this appeal was taken from a judgment in which he was appointed guardian for Sophia Bush, the former appellant in this appeal. He then asserts that the merits of this judgment are no longer at issue because the guardianship has been terminated as a result of Sophia's death.
In opposing appellee's motion, the new appellant in this appeal, Christine D. Wichman, Executor of Sophia Bush's estate, contends that the guardian decision should still be reviewed because the trial court's finding concerning the competency issue could have a collateral effect on other actions involving the estate. Appellant asserts that, at approximately the same time she was declared incompetent in the guardianship proceedings, Sophia also executed a will. Appellant maintains that if the competency determination in this case is allowed to stand, it could support an "inference" in any subsequent will contest that her will was invalid.
In essence, appellant is asserting that the doctrine of collateral estoppel could be applied in the will contest to foreclose the relitigation of the competency issue. As to this point, this court would note that, before collateral estoppel can operate to enjoin the relitigation of a factual issue in a second action, the parties to both proceedings must be identical. Broz v. Winland (1994), 68 Ohio St.3d 521,523. Given that the only parties to the instant case were Sophia Bush and appellee, the parties to this case will not be identical to the parties in any subsequent will contest.
Accordingly, because the doctrine of collateral estoppel will be inapplicable, the existence of the incompetency finding in the instant action will not have any direct effect upon any subsequent will action. Under these circumstances, the competency issue will have to be tried denovo in the will action. See In re Guardianship of Rudy (1992),65 Ohio St.3d 394, 397. Although the incompetency finding in the guardian proceeding may have some evidential value in a will action, the evidence underlying that finding will have to be introduced again in the will action and a new finding on the issue will have to be rendered. Furthermore, since the new finding can be reviewed in an appeal from the will action, appellant will have a full opportunity to litigate the competency issue.
As a general proposition, the death of the ward renders moot any issue which pertains to the appointment of the guardian. In re Pritchard (May 12, 1999), Pickaway App. No. 98CA26, unreported, 1999 Ohio App. LEXIS 2248. Thus, because the appealed judgment in the instant case pertained solely to the appointment issue, there is no need for this court to address the merits of that decision.
Pursuant to the foregoing analysis, appellee's motion to dismiss is granted. It is
the order of this court that the instant appeal is hereby dismissed as moot.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., GRENDELL, J., concur.