JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Joseph A. Klimko, John Hendrock, William Hendrock, and Alan Kubalski ("collectively referred to as "plaintiffs"), appeal from a judgment holding that their action is barred by the statute of limitations. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Plaintiffs brought this action in 2005[1], alleging sexual battery, breach of fiduciary duty, negligent hiring and supervision, and negligence against the Cleveland Catholic Diocese[2], the Byzantine Catholic Diocese of Parma ("the Diocese"), St. Eugene's Byzantine Catholic Church ("St. Eugene's") and Father John Rebovich ("Father Rebovich")("collectively referred to as "defendants"). Specifically, plaintiffs allege that they were subjected to sexual abuse by Father Rebovich between the years of 1978 and 1981, while most of them were minors.
 {¶ 3} The defendants filed a motion for summary judgment, arguing that the causes of action are barred by the applicable statute of limitations. Specifically, defendants argue that the various causes of action accrued and should have been filed no later than 1983 — two years after discovering the abuse or at the time the plaintiffs reached the age of majority. In response, plaintiffs argue that they were unaware of their causes of action until 2002, claiming that they had repressed their *Page 4 
memories of the events. Plaintiffs argue that their memory repression should toll the running of the limitations period.
 {¶ 4} On November 17, 2006, the trial court issued an order and opinion finding that the plaintiffs' tort claims were barred under the applicable statute of limitations. Specifically, the trial court, in a well-reasoned opinion, held that since the plaintiffs knew the identity of their abuser, his employer, and that a battery had occurred at the time of the abuse, the time within which to bring their claims began to run from the time the various causes of action accrued or when the plaintiffs reached the age of majority. The trial court also stated that the discovery rule, which can extend the statute of limitations based on repressed memory, did not apply in this case because there had been no repressed memory by the plaintiffs.
 {¶ 5} It is from this decision that plaintiffs now appeal and assign one assignment of error for our review.
 {¶ 6} "I. The trial court erred in applying, sub judice, its own opinion of a psychological condition granting defendants' motion for summary judgment."
 {¶ 7} In their sole assignment of error, plaintiffs argue that the trial court erred in granting summary judgment in favor of defendants because genuine issues of material fact existed as to whether the plaintiffs repressed the memories of the sexual abuse so as to toll the statute of limitations.
 {¶ 8} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review *Page 5 
means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378; citing Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 9} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 10} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 11} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in defendants' favor was appropriate. *Page 6 
 {¶ 12} Here, the alleged abuse occurred from 1978 to 1981. Plaintiffs filed this complaint in 2002, twenty-two years later. Accordingly, it is clear that unless an exception is applicable, plaintiffs' claims are barred by the applicable one-and two-year statute of limitations.[3]
See Doe v. Archdiocese of Cincinnati, 109 Ohio St.3d 491, 493,2006-Ohio-2625.
 {¶ 13} In Doe v. First Methodist Church (1994), 68 Ohio St.3d 521, the Ohio Supreme Court held that "a minor who is the victim of sexual abuse has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred."
 {¶ 14} Twelve years later, in 2006, this decision was re-affirmed inDoe v. Archdiocese of Cincinnati, supra, when the court held that a plaintiff has two years from the time the abuse occurred, or when the plaintiff attains the age of majority, to file a cause of action against the school and church when the plaintiff "knew the identity of the perpetrator, knew the employer of the perpetrator, and was fully aware of the fact that a battery had occurred."
 {¶ 15} Plaintiffs contend that their claims are not subject to dismissal because they repressed the memories of the abuse, and thus, did not discover their claims until 2002. Specifically, plaintiffs argue that their claims fall within the exception to *Page 7 
the discovery rule as discussed in Ault v. Jasko (1994),70 Ohio St.3d 114. In Ault, the court held that "the discovery rule applies in Ohio to toll the statute of limitations when a victim of childhood sexual abuse represses memories of that abuse until a later time." Id. at paragraph one of the syllabus. In such a case, the statute of limitations begins to run when the victim recalls or otherwise discovers that he or she was sexually abused or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse. Id., paragraph two of the syllabus.
 {¶ 16} After careful review of the depositions, transcripts and other documentary evidence presented by the parties, we agree with the trial court that reasonable minds could not differ that the plaintiffs did not repress the memory of the abuse as to toll the statute of limitations. We shall address each plaintiff below, but ultimately conclude that the discovery rule has no application here.
 {¶ 17} Plaintiff Alan Kubalski claims that Father Rebovich performed oral sex and then sodomized him at the rectory when he was 17 years old. Alan stated that he was passed out drunk at the time the incident happened. Alan testified that he never told anyone about the incident because he was "ashamed and embarrassed." However, Alan testified that he stopped going to Father Rebovich's class at St. Peter Chanel High School after the alleged incident and warned other students that Father Rebovich was "strange" and that they should "steer clear of him." Alan also testified that almost ten years later, in 1991, he was walking past the rectory and wanted to confront Father Rebovich "about what he did to me," but decided not to. *Page 8 
In his affidavit attached to his brief in opposition to summary judgment, Alan argues for the first time that he repressed the memories of what Father Rebovich had done to him. However, even assuming arguendo that Alan had repressed the memories before turning 18, the evidence indicates that Alan remembered the abuse well before 2002 such that the trial court could conclude as a matter of law that Alan knew of the abuse at the earliest in 1991, when Alan testified that he wanted to confront Father Rebovich about the abuse. Accordingly, we find that the trial court did not err in deciding that plaintiff Alan did not repress the memories as to toll the statute of limitations.
 {¶ 18} Next, plaintiff John Hendrock claims that he was 18 years old at the time Father Rebovich sexually molested him. Specifically, John testified that he would go to parties at the rectory, get drunk and pass out, and then wake up in the rectory with an erection, his pants open, and wet underwear. John testified that this happened on at least 20 different occasions. John testified that he did not see Father Rebovich molest him because he was passed out drunk. However, John believed that it was Father Rebovich because "it was only the two of us in the house." Despite this occurring on so many occasions, John continued to "party" with Father Rebovich because he wanted the free alcohol that Father Rebovich was providing. John testified that he never confronted Father Rebovich nor told anyone about the incidents because he was too embarrassed and that he kept it "bottled up" inside for 20 years. Similar to Alan above, John attached an affidavit to his brief *Page 9 
in opposition to summary judgment, arguing, for the first time, that he repressed the memories of what Father Rebovich had done to him. However, the record is clear that John knew, at the time of the incidents, that something was wrong. Specifically, he testified that he would wake up with his pants open and his underwear wet. He suspected that Father Rebovich had molested him while he was drunk but was too embarrassed to confront him or tell anyone about what was going on. Accordingly, we find that the trial court did not err in deciding that plaintiff John did not repress the memories such as to toll the statute of limitations.
 {¶ 19} Next, plaintiff William Hendrock claims that Father Rebovich sexually molested him on one occasion. Specifically, he alleges that he passed out drunk at a party at the rectory and woke up to find Father Rebovich performing oral sex on him. William testified that he told his parents about the incident, but that they did not believe him. William stated that he then put the incident in the "back of [his] mind, just forgetting about it, not wanting to feel it or think about it, see it."[4] Although William understandably tried to suppress the memories of what occurred, sufficient evidence was presented that he recalled the incident of abuse and did not repress the memory. Indeed, he testified that he told his parents about the abuse shortly after it happened. Accordingly, we find that the trial court did not err in deciding that plaintiff William did not repress the memories as to toll the statute of limitations. *Page 10 
 {¶ 20} Finally, plaintiff Joseph Klimko claims that Father Rebovich fondled his genital area and solicited sex from him over a two-month period. Joseph testified that he told his parents, grandparents, uncle, and neighbors about Father Rebovich's conduct, but that no one believed him. Joseph stated that he stopped visiting the rectory. Joseph stated that he would get emotionally distressed over the years when he would hear news stories about other priests, but that he tried to "block it out." Similar to William above, Joseph's testimony clearly reflects that he was aware of the abuse before age 18 as he told his parents, grandparents, uncle, and neighbors about Father Rebovich's abuse shortly after it happened. Accordingly, we find that the trial court did not err in deciding that plaintiff Joseph did not repress the memories as to toll the statute of limitations.
 {¶ 21} Although we sympathize with victims of childhood sexual abuse, we cannot allow the tolling of the statute of limitations for actions based on suppression of memories. Suppression signifies an "intentional forgetting" where the victims do "not wish to directly confront their memories of the sexual abuse they suffered." See Livingston v. Dioceseof Cleveland (1998), 126 Ohio App.3d 299, 303. In contrast, repression signifies the "involuntary and complete loss of memory of an event." Id. Here, the evidentiary materials demonstrated that none of the plaintiffs suffered a repression of their memories as a result of Father Rebovich's abuse within the clinical meaning of that term. See id. Rather, all of the plaintiffs were aware of the harmfulness or inappropriateness of Father Rebovich's acts during their childhood *Page 11 
and suffered from this awareness. While we certainly understand why the plaintiffs in this case would wish to "forget" about the sexual abuse committed by Father Rebovich, their memories were not repressed and the discovery rule does not apply. Each cause of action alleged by the plaintiffs accrued no later 1983, which is two years after most of the plaintiffs reached the age of majority. Because the plaintiffs did not file this action until 2002, the limitations period for each of the plaintiffs' claims has run. Accordingly, the claims are barred.
 {¶ 22} Plaintiffs' sole assignment of error is overruled.
 {¶ 23} Accordingly, we affirm the judgment for each defendant on each count.
It is ordered that appellees recover from appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MARY EILEEN KILBANE, J., CONCUR
[1] Plaintiffs filed their original complaint on June 19, 2002 and an amended complaint on March 26, 2003. The matter was voluntarily dismissed on November 1, 2004. This is the refiled complaint.
[2] The Cleveland Catholic Diocese was dismissed by the plaintiffs on June 9, 2006.
[3] Plaintiffs' sexual battery claims against Father Rebovich are subject to a one-year statute of limitations. See R.C. 2305.111. Plaintiffs' claims against the church and school are subject to a two-year statute of limitations. See R.C. 2305.10.
[4] W. Hendrock depo. Tr. 37 *Page 1