OPINION
On August 10, 1984, appellant, Viola Altvater ("Altvater") filed a complaint against Claycraft Company ("Claycraft"), her husband's former employer. Altvater alleged that Claycraft's intentional conduct caused her husband's death by exposing him to silica and other respirable dusts.
Claycraft filed a third-party complaint against appellee, Ohio Casualty Company ("Ohio Casualty"), its insurer. In its third-party complaint, Claycraft sought a declaration that Ohio Casualty had a duty to defend and/or indemnify Claycraft on Altvater's intentional tort claim. Altvater was not named as a party to the third-party complaint for declaratory judgment and, accordingly, she did not participate in litigating the insurance coverage issues. On December 30, 1987, the Franklin County Court of Common Pleas granted summary judgment in favor of Ohio Casualty, stating specifically that Ohio Casualty had no duty to defend Claycraft.
Altvater's intentional tort claim proceeded to trial. On September 11, 1992, a jury returned a verdict in Altvater's favor and awarded $1,346,000 in damages. Claycraft has not satisfied any portion of that judgment. Pursuant to R.C. 3929.06, Altvater filed a supplemental complaint on June 7, 1995, in an effort to collect the judgment from Ohio Casualty. Ohio Casualty moved for summary judgment, arguing that Altvater's supplemental proceeding was barred by res judicata/collateral estoppel in light of the December 30, 1987 declaratory judgment in favor of Ohio Casualty. The Franklin County Court of Common Pleas agreed and granted summary judgment for Ohio Casualty on January 10, 2000.
Altvater now appeals the trial court's January 10, 2000 judgment, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO OHIO CASUALTY ON THE BASIS OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL.
For the reasons that follow, we reverse.
Appellate court review of a summary judgment motion is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Collateral estoppel, a corollary of res judicata, precludes relitigation in a second action of issues that have been actually and necessarily litigated and determined in a prior action. Goodson v.McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 195.
The party asserting the application of collateral estoppel must satisfy three elements in order for the doctrine to apply. First, the party must prove that the fact or issue was actually and directly litigated in the prior action. Thompson v. Wing (1994), 70 Ohio St.3d 176, 183. Second, the party must show that a court of competent jurisdiction passed on the issue. Id. Third, the party must prove that the party against whom collateral estoppel is asserted was a party to the prior action or in privity to a party in the prior action. Id. Because Ohio Casualty argues that Altvater is collaterally estopped from raising the issue of coverage, Ohio Casualty must establish all three elements.
The doctrine of collateral estoppel does not apply to the instant matter because Altvater was neither a party to the declaratory judgment action nor in privity to a party to the declaratory judgment action. We disagree with Ohio Casualty's argument that Altvater "was in privity to Claycraft" with regard to the issue of insurance coverage. Altvater was clearly adverse to Claycraft in the underlying tort action. Moreover, Claycraft's primary interest was to insulate itself from liability, while Altvater's obvious concern was to obtain redress for her husband's death. Under these circumstances, we cannot conclude that Claycraft was an adequate surrogate to protect Altvater's interests. See Broz v.Winland (1994), 68 Ohio St.3d 521, 523-524. Because Ohio Casualty has not established mutuality of parties, the doctrine of collateral estoppel does not prevent Altvater from litigating the issue of insurance coverage.
The Ohio Supreme Court addressed this precise issue in Broz, supra, when it considered "whether a determination made in a declaratory judgment action between an insurance company and its insureds binds persons injured by the insured's negligence who are not parties to the declaratory judgment action." Id. at 523. The Broz court rejected the insurer's argument that collateral estoppel barred an injured party from litigating the issue of insurance coverage and held that "injured persons not parties to a separate declaratory judgment action are not bound by such decision, and thus are not precluded from litigating the issue of insurance coverage in an R.C. 3929.06 supplemental proceeding." Id. We conclude that the instant matter is identical to Broz in all significant respects.
Moreover, at the time that the declaratory judgment action at issue was litigated, R.C. 2721.12 mandated that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interestwhich would be affected by the declaration. No declaration shallprejudice the rights of persons not parties to the proceeding." (Emphasis added.) According to the terms of the declaratory judgment statute, Ohio Casualty had to join Altvater as a party in order to bind Altvater by the declaratory judgment. For the additional reason that it failed to join Altvater in its complaint for declaratory judgment, Ohio Casualty cannot now claim that Altvater is barred from litigating the issue of insurance coverage.
Ohio Casualty points out that the Ohio legislature amended several declaratory judgment statutes in 1999. Accompanying the amendments, which took effect on September 24, 1999, is the following statement in Section 5 of 1999 H.B. 58:
 The General Assembly declares that, in enacting new division (C) of section 2721.02, new division (B) of section 2721.12, and division (C) of new section 3929.06
of the Revised Code in this act and in making conforming amendments to division (A) of section 2721.12 of the Revised Code in this act, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in Broz v. Winland (1994), 68 Ohio St.3d 521, and its progeny relative to the lack of binding legal effect of a judgment or decree upon certain persons who were not parties to a declaratory judgment action or proceeding between the holder of a policy of liability insurance and the insurer that issued the policy.
Ohio Casualty argues that, pursuant to this pronouncement by the Ohio legislature, Altvater is bound by the 1987 declaratory judgment. We decline, however, to apply the amended statutes to the instant action. Section 28, Article II, of the Ohio Constitution states that "[t]he general assembly shall have no power to pass retroactive laws." "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. Because there is no indication that the Ohio legislature intended retroactive application, the amended statutes pertaining to declaratory judgments simply do not apply to the instant matter.
In its final effort to defeat this appeal, Ohio Casualty argues that, even if we conclude that Ohio Casualty failed to demonstrate the mutuality of parties requirement of collateral estoppel, this court should nonetheless invoke the doctrine as a matter of equity. We disagree. In fact, several factors suggest that, as a matter of equity, Altvater should have the opportunity to litigate the issue of insurance coverage. First, it is unclear from the language of the December 30, 1987 decision granting declaratory judgment in Ohio Casualty's favor whether the trial court actually decided the issue of coverage or merely decided that Ohio Casualty had no duty to defend Claycraft. Secondly, Claycraft did not exercise its right to appeal the decision, an option that Altvater may have pursued had she been a party to the declaratory judgment litigation. Under these circumstances, justice does not require us to relax the collateral estoppel requirement for mutuality of parties.
For the foregoing reasons, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
LAZARUS and KENNEDY, JJ., concur.