BLOUNT, Appellee and Cross–Appellant,

v.

KENNARD et al., Appellants and Cross–Appellees.

[Cite as *Blount v. Kennard* (1992), 82 Ohio App.3d 613.]

Court of Appeals of Ohio,
Butler County.

No. CA92–01–014.

Decided Sept. 28, 1992.

*Robert A. Hendrickson,* for appellee and cross-appellant.

*Baden, Jones & Scheper* and *James H. Scheper,* for appellants and cross-appellees.

WILLIAM W. YOUNG, Judge.

On the evening of May 13, 1989, defendant-appellant Todd K. Kennard, and plaintiff-appellee, Jason T. Blount, visited several bars in the Dayton area. They spent that night with Joey Shelton in Shelton's Middletown apartment. The three men went to sleep around 6:00 a.m., with Shelton sleeping in his bedroom and Kennard and Blount on separate couches in the living room.

Blount awoke around 11:30 a.m. or 12:00 p.m. the next day, May 14, 1989. Blount, who did not have a car or a valid driver's license, wanted to go to Monroe, Ohio where he resided with his parents. After unsuccessfully attempting to wake Kennard, Blount took Kennard's car keys from the coffee table and wrote a note which stated, "Todd, I went home. Call me when you

want me to bring your car to you today. 539–9781." Blount returned to his parents' house, driving Kennard's car.

Kennard was angry when he discovered that Blount had taken his car. He telephoned Blount and instructed him to bring the car back immediately. Blount complied, and on the return trip to Shelton's apartment, Blount, driving Kennard's car, was involved in a multiple-car accident.

On April 24, 1990, Blount filed a complaint for declaratory judgment against Kennard and Kennard's automobile insurer, defendant-appellant State Auto Insurance Company ("State Auto"), requesting a determination that he was entitled to coverage under Kennard's policy issued by State Auto. State Auto filed a counterclaim against Blount on May 16, 1990. In its counterclaim, State Auto asserted that, by virtue of its subrogation rights under the policy, it was entitled to recover the amount it paid to repair Kennard's vehicle. On September 19, 1990, Blount filed an amended complaint with the permission of the trial court which also requested the court to find Blount entitled to attorney fees for representation in the declaratory judgment action and in other actions brought against him arising out of the accident.

Following a bench trial, the trial court concluded that Blount was entitled to coverage under Kennard's State Auto automobile insurance policy. The court also found that Blount could recover attorney fees incurred in the declaratory judgment action and in defending himself in the other actions. The court initially denied State Auto any recovery for the repairs to Kennard's vehicle, but, following State Auto's motion to reconsider its counterclaim, the court ruled in favor of State Auto, awarding it the amount paid for the repairs.

Kennard and State Auto appeal the trial court's decision, raising two assignments of error:

Assignment of Error No. 1

"The trial court erred to the prejudice of appellants in finding that appellee was entitled to coverage under the automobile insurance policy issued by State [Auto] to Kennard."

Assignment of Error No. 2

"The trial court erred in awarding attorney's fees to appellee for legal representation in the declaratory judgment action and in the defense of claims arising out of the automobile accident."

Blount cross-appeals, also presenting two assignments of error:

Assignment of Error No. 1

"The trial court errored [*sic*] in finding that appellant State Auto was entitled to recover the cost of repairs to appellant Kennard's automobile from appellee."

Assignment of Error No. 2

"The trial court errored [*sic* ] to the prejudice of appellee in finding that appellant State Auto was entitled to recover the cost of repairs to appellant Kennard's automobile from appellee."

■ In their first assignment of error, appellants contend that the trial court erred in finding that Blount was entitled to coverage under Kennard's State Auto policy. Specifically, appellants argue that the following policy provision excludes Blount from coverage:

"A. We do not provide Liability Coverage for any person:

" * * *

"8. Using a vehicle without a reasonable belief that that person is entitled to do so."

According to appellants, the trial court's finding that Blount had a reasonable belief that he was entitled to operate Kennard's vehicle on the date of the accident is against the manifest weight of the evidence.

A reviewing court will not reverse a judgment as against the manifest weight of the evidence where some competent, credible evidence supports the trial court's decision. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. After a careful review of the record, we find that competent, credible evidence supports the court's conclusion that Blount had a reasonable belief that he was entitled to operate Kennard's car at the time of the accident.

■ In determining whether Blount had a "reasonable belief" under the policy language in this case, the trial court had to consider subjective and objective factors, including the extent of permission granted to Blount. *Am. Select Ins. Co. v. Bates* (Dec. 17, 1987), Ross App. No. 1381, unreported, 1987 WL 28946; *Bowen v. Price* (Sept. 20, 1984), Franklin App. No. 83AP–541, unreported, 1984 WL 5906. The trial court noted that Blount had driven the vehicle with Kennard's permission on at least two prior occasions, including the evening before the accident. Additionally, the court found that the note which Blount left for Kennard indicated that he expected little objection from Kennard and that he would return the car upon Kennard's request. Although Kennard was angry that Blount took the car, he did not object to Blount driving the car back to him, but, in fact, he instructed him to return it. From these facts, which we find supported by competent, credible evidence in the record, the trial court concluded that Blount had a reasonable belief that he had permission to return the car and, therefore, a reasonable belief that he

was entitled to use the car within the meaning of the pertinent policy language.

■ Appellants suggest that Blount was unable to hold a reasonable belief that he was entitled to operate the car because he knew that he did not have a valid driver's license. We agree with the Morrow County Court of Appeals that under the language employed in the insurance policy, "the 'test' herein is not whether [Blount] believed [he] was *licensed* to drive * * * but whether [he] reasonably believed that [he] was *authorized* to drive the car, notwithstanding the means of obtaining the authorization." (Emphasis *sic*.) *Cincinnati Cas. Co. v. Rickard* (Oct. 25, 1990), Morrow App. No. CA–726, unreported, at 5–6, 1990 WL 166480. If an insurance company "elects to include language forbidding its insured parties from allowing 'disabled' (license suspended) drivers to use covered vehicles, then it is the drafter's prerogative to do so, and in plain language." *Id.* at 6. Under the language at issue here, we conclude that Blount could have a "reasonable belief" even though he knew his license was suspended.

The record clearly shows that the trial court's determination that Blount reasonably believed that he was entitled to operate Kennard's car at the time of the accident is supported by competent, credible evidence. Accordingly, appellants' first assignment of error is overruled.

■ In their second assignment of error, appellants argue that the trial court abused its discretion in awarding attorney fees to Blount. Appellants claim that the court should not have awarded attorney fees in this case because there was no evidence that State Auto refused to defend Blount in bad faith. This argument lacks merit.

■ When an insurer refuses to defend its insured as required by the policy, the insured may recover from the insurer attorney fees which the insured incurs in the action brought to enforce the duty to defend and in the defense of the claims for which the duty to defend exists. *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874; *Willoughby Hills v. Cincinnati Ins. Co.* (1986), 26 Ohio App.3d 146, 26 OBR 363, 499 N.E.2d 31; *Turner Constr. Co. v. Commercial Union Ins. Co.* (1985), 24 Ohio App.3d 1, 24 OBR 22, 492 N.E.2d 836; *Grange Mut. Cas. Co. v. Herron* (Jan. 22, 1991), Clermont App. Nos. CA89–09–080 and CA89–12–101, unreported, 1991 WL 6362. The insurer's lack of bad faith in refusing to defend is irrelevant in determining whether an award of attorney fees is appropriate. *Turner.* In this case, as in *Willoughby Hills,* "it has been determined that the appellant wrongfully refused to defend an action brought against the appellee. Essentially, it made a mistake in judgment. Although it

does not appear that appellant so acted because of a lack of good faith or that it was a malicious refusal, appellee expended costs and attorney fees in order to obtain a determination that appellant had a duty to defend." *Id.*, 26 Ohio App.3d at 148, 26 OBR at 365, 499 N.E.2d at 34.

Furthermore, in this case Blount is also incurring attorney fees in defending the actions brought against him arising out of the accident, actions which State Auto has the duty to defend.

This case is quite similar factually to *Trainor, Willoughby Hills* and *Grange*, where awards of attorney fees were found to be proper. Consequently, we find no abuse of discretion by the trial court in granting Blount attorney fees incurred in bringing this declaratory judgment action and in defending the actions brought against him as a result of the accident. Accordingly, appellants' second assignment of error is overruled.

Finding no merit to appellants' two assignments of error, we affirm the trial court's decision with respect to Blount's entitlement to coverage under Kennard's State Auto policy and the award of attorney fees.

We turn now to Blount's cross-appeal. In both of his assignments of error, Blount contends that the trial court erred in finding that State Auto was entitled to recover the cost of repairs to Kennard's car from Blount. We will address these assignments of error together.

Kennard's automobile liability insurance policy issued by State Auto contains a provision titled "Our Right to Recover Payment" which describes State Auto's subrogation rights as follows:

"(A) If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right.

" * * *

"However, our rights in this paragraph (A) do not apply under Part D [coverage for damage to your auto], against any person using 'your covered auto' with a reasonable belief that that person is entitled to do so."

Giving this language its natural and commonly accepted meaning, we conclude that State Auto cannot recover the cost of the repairs to Kennard's auto from Blount. See *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716; *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 24 O.O.3d 274, 436 N.E.2d 1347. As we have already discussed, the trial court found that Blount had a reasonable belief that he was entitled to operate the car and that finding is supported by competent, credible evidence. Thus, under the policy language quoted above, it is clear that State Auto has no subrogation rights against Blount. Accordingly, the trial court erred in

finding that State Auto could recover the cost of repairs from Blount. We therefore sustain Blount's two assignments of error and reverse the trial court's decision regarding subrogation against Blount.

*Judgment accordingly.*

JONES, P.J., and KOEHLER, J., concur.