In a declaratory judgment action decided upon cross-motions for summary judgment, appellant, State Automobile Mutual Insurance Company ("State Auto"), appeals the decision of the Clermont County Court of Common Pleas finding that State Auto must indemnify and defend Carrie Stewart based on an automobile insurance policy and Carrie's father, Steven Stewart, based on a homeowner insurance policy, for claims arising out of a negligence complaint. Carrie Stewart and Steven Stewart (the "Stewarts") are defendants in the negligence complaint, which was filed by Abbey Vontsolos and her parents, Rebecca and Michael Vontsolos (the "Vontsolos").[1] We affirm in part, reverse in part and remand for proceedings not inconsistent with this opinion.
On May 7, 1995, Abbey Vontsolos, age sixteen, was driving her father's car. Carrie Stewart, age sixteen, was in the passenger's seat of the vehicle. Before the accident, Abbey drove to Carrie's house and Carrie retrieved marijuana from her father's sock drawer. For approximately ten minutes before the accident, Abbey and Carrie smoked a marijuana cigarette in the vehicle.
While traveling thirty-five m.p.h., Carrie grabbed the steering wheel of the vehicle resulting in a serious accident. The reason Carrie grabbed the steering wheel is in dispute. According to Carrie's deposition testimony, she grabbed the steering wheel because Abbey said "[h]elp me with this." Carrie interpreted this as asking Carrie to help her light the roach or stub of the marijuana cigarette, which Carrie stated was in Abbey's hand. Apparently in an effort to help guide the vehicle, Carrie put one hand on the steering wheel and drove the car off the road.
According to Abbey, Carrie stated "[h]ere, smoke this" and then almost immediately grabbed the steering wheel and steered the car off the road. At that exact moment, Abbey indicated she "froze up," but may have pushed Carrie away. Abbey noted that Carrie had repeatedly asked to drive the vehicle prior to the accident. Also, Abbey testified that she had at least one, and possibly both hands on the steering wheel at the time of the accident. However, Abbey stated Carrie's actions steered the car off the road. Finally, Abbey did not recall having the roach in her hand at the time of the accident. Due to the accident, Abbey suffered serious and permanent injuries.
On April 16, 1996, the Vontsolos filed a negligence complaint against the Stewarts, State Auto and the Vontsolos' insurance carrier, State Farm Mutual Automobile Insurance Company. On June 21, 1997, the Vontsolos filed an amended complaint, which included a declaratory judgment action to determine the extent of insurance coverage available from the State Auto policy.
State Auto and the Vontsolos filed cross-motions for summary judgment in the declaratory judgment action. The trial court granted in part, and overruled in part, the parties' cross-motions for summary judgment in a February 17, 1998 entry. Specifically, the trial court concluded, inter alia, that State Auto must (1) indemnify and defend Carrie Stewart based on the Stewarts' automobile insurance policy and (2) indemnify and defend Steven Stewart based on the Stewarts' homeowner policy. From the February 17, 1998 entry, State Auto filed a timely notice of appeal[2] and presents three assignments of error for our review:
Assignment of Error No 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT STATE AUTO IN OVERRULING ITS MOTION FOR SUMMARY JUDGMENT, AND IN GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, ON THE ISSUE OF WHETHER THE AUTO POLICY EXCLUDED COVERAGE FOR CARRIE STEWART BECAUSE SHE DID NOT REASONABLY BELIEVE SHE WAS ENTITLED TO USE THE VEHICLE.
Assignment of Error No 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT STATE AUTO IN OVERRULING ITS MOTION FOR SUMMARY JUDGMENT, AND IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ON THE ISSUE OF WHETHER COVERAGE WAS EXCLUDED FOR STEVEN STEWART UNDER THE HOMEOWNER'S POLICY BECAUSE THE PLAINTIFF'S INJURIES AROSE FROM THE OPERATION OF A VEHICLE BY AN INSURED.
Assignment of Error No 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF STATE AUTO BY DENYING ITS MOTION FOR SUMMARY JUDGMENT WHICH WAS BASED ON THE INTENTIONAL ACTS EXCLUSION AND PUBLIC POLICY.
In the first assignment of error, State Auto argues that the trial court erred by granting summary judgment in favor of the Vontsolos and denying State Auto summary judgment by concluding that the following exclusion in the Stewarts' automobile policy did not exclude Carrie Stewart from receiving coverage:
 A. We do not provide liability coverage for any person:
* * *
 [8] Using a vehicle without a reasonable belief that that person is entitled to do so.
Pursuant to Civ.R. 56(C), "the appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court decision to grant summary judgment de novo. Jones v. Shelley Co. (1995), 106 Ohio App.3d 440, 445.
This court has addressed this particular exclusion previously. See Blount v. Kennard (1992), 82 Ohio App.3d 613. In Blount, we stated that "the trial court had to consider subjective and objective factors" to determine reasonable belief. Id at 616. The case involved Blount borrowing Kennard's car without express permission the morning after the two men went drinking. On previous occasions, Blount had borrowed Kennard's car. On this morning, Blount drove the car without express permission and left a note for Kennard to call him so he could return the car. Kennard called Blount and told him he could drive the car to bring it back. While returning the car, Blount was involved in an accident. Id. at 614-15.
After a bench trial, the court concluded that Blount had a reasonable belief that he had permission to drive Kennard's car. Id. at 615. Giving proper deference to the trial court's factual determinations, we found competent and credible evidence to support the trial court's decision. Id. at 616.
Besides the different set of facts, the case sub judice differs from Blount in one important respect. In Blount, the trial court weighed the evidence and decided the declaratory judgment action after a bench trial. If this case had reached us in the same procedural procedure, this court would properly defer to the factual findings of the trial court. However, the declaratory judgment action was decided as a matter of law upon cross-motions for summary judgment. Therefore, we review the trial court's decision de novo. Shelley, 106 Ohio App.3d at 445.
In reviewing the decision to grant summary judgment in favor of the Vontsolos, this court is required to review the facts in the best light to State Auto and decide if summary judgment was properly granted to the Vontsolos. Assuming summary judgment was not properly granted in favor of Vontsolos, this court has two options. If we conclude material facts are in dispute, the case must be remanded to the trial court for trial. On the other hand, if we can review the evidence in the best light to the Vontsolos and conclude there are no material facts in dispute, summary judgment must be granted in favor of State Auto.
In this case, Abbey and Carrie provide different accounts of whether Abbey asked Carrie for help in driving the vehicle and/or help in lighting the roach. These accounts are clearly material to whether Carrie had a reasonable belief she could use the vehicle at the time of the accident.
Despite the material differences in Abbey and Carrie's recitation of events, State Auto insists that Abbey could not transfer the permission she received to use the vehicle from her parents to Carrie and refers this court to West v. McNamara (1953),159 Ohio St. 187, and Rice v. Jodrey (1984), 19 Ohio App.3d 183, for this proposition. However, in both of these cases the insurance policies referred to the issue of permission of the insured to drive a vehicle. West at 196-97; Rice at 185. In this case, the issue is not whether Carrie was given express permission per se, but whether she had a reasonable belief she could use the vehicle. See Blount, 82 Ohio App.3d at 616 (court noting permission as a factor in determining reasonable belief). As we have noted, this record does not provide an appropriate basis for summary judgment on the question of whether the "reasonable belief" exclusion must be applied. In order to reach that conclusion, the material factual differences in the record must be resolved by a trier of fact.
Accordingly, this case must be remanded to determine if Carrie had a reasonable belief that Abbey intended her to use the vehicle within the meaning of the above-referenced exclusion in the automobile policy. On that basis, the first assignment of error is well taken.
In the second assignment of error, State Auto argues that the trial court erred by granting the Vontsolos' motion for summary judgment and overruling State Auto's motion for summary judgment by ruling that the following exclusion did not exclude Steven Stewart from receiving homeowner coverage from State Auto:
 1. * * * Personal Liability * * * [does] not apply to bodily injury * * *
e. arising out of:
 (1) the * * * use * * * of motor vehicles * * * operated by an insured.
The trial court concluded that the exclusion barred Carrie Stewart from coverage under the homeowner policy because the Vontsolos' negligence complaint arises out of the use of a motor vehicle operated by an insured, namely Carrie Stewart. However, the trial court concluded that Steven Stewart was entitled to be defended and indemnified under the homeowner policy. On appeal, State Auto argues that the exclusion also denies Steven Stewart coverage under the homeowner policy. We agree and reverse the trial court.
The Supreme Court of Ohio has established that the proper inquiry in evaluating this type of exclusion is "whether the chain of events resulting in the [automobile] accident was unbroken by the intervention of any event unrelated to the use of the vehicle." Sanderson v. Ohio Edison Co. (1994), 69 Ohio St.3d 582, paragraph three of syllabus; Kish v. Cent. Natl. Ins. Group of Omaha (1981), 67 Ohio St.2d 41, 50. Appellees argue that the claim against Steven Stewart arises from the allegation of his independent negligence in leaving the marijuana in the sock drawer and not from operating a vehicle driven by an insured. However, under the plain language of the policy exclusion, bodily injury resulting from the use of a motor vehicle by an insured is not covered. The complaint alleges that Carrie Stewart, an insured under the policy, caused Abbey Vontsolos' bodily injuries by the use of an automobile. Unless Steven Stewart's actions are unrelated to the chain of events resulting in the use of the vehicle, the exclusion also applies to Steven Stewart.
The negligence claim against Steven Stewart does not demonstrate any event which broke the chain of events resulting in the accident which is unrelated to the use of the vehicle. Indeed, Steven's alleged negligence in leaving the marijuana in the sock drawer is only legally actionable due to the accident. Without the automobile accident, negligence cannot be shown because the elements of causation and damages cannot possibly be met. In short, Steven Stewart's alleged negligence in leaving the marijuana in the sock drawer cannot be dissociated from the chain of events which resulted in the automobile accident, nor is it unrelated to the use of the motor vehicle by Carrie Stewart. Therefore, since the accident was allegedly caused by the use of a motor vehicle by an insured, Steven Stewart is excluded from any coverage under the homeowner policy. Thus, the second assignment of error is well taken.
In the third assignment of error, State Auto argues that the trial court erred by denying State Auto summary judgment based on the intentional act exclusion in the Stewart's homeowner and auto policy. This assignment is moot as to coverage for Steven Stewart under the homeowner policy based on the disposition of the second assignment of error. Therefore, we address only whether the intentional act exclusion removes State Auto's obligation to defend and indemnify Carrie Stewart under the Stewarts' auto policy.
In Physicians Ins. Co. v. Swanson (1991), 58 Ohio St.3d 189,193, the Supreme Court of Ohio held that "[i]n order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." Swanson concerned an insured who fired a BB gun into a group of teenagers. The insured testified that he intended to strike a nearby sign, not the teenagers. Id. at 189-90. The court found the incident accidental and not intentional because the insured did not intend injury. Id. at 194.
In Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, syllabus, the Supreme Court of Ohio reviewed the Swanson holding in a suit arising from child molestation. The court concluded that "intent [to cause harm] is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor." Id. at 37. However, the court did not apply this rule to the intentional act exclusion. Instead, the court determined that an "occurrence" under the insurance policy means an accident, rather than an intentional act. Id. at 39. Therefore, since by committing the act of child molestation, the perpetrator intends to cause harm, it is not an "occurrence" within the meaning of the insurance policy. Id. The Gearing decision is consistent with the long-standing Ohio public policy which "generally prohibits obtaining insurance to cover damages caused by intentional acts." Id. at 38.
State Auto argues that due to the criminalization of the use, sale and/or possession of marijuana as well as the crime of driving under a drug of abuse, this court should apply Gearing to the case sub judice. We agree with appellant that criminal statutes related to marijuana are largely based on the inevitable harmful results of illegal drugs and, of course, we do not condone criminal behavior in any form. However, we cannot infer Carrie Stewart intended to cause harm by her actions, nor were her actions inherently intended to cause harm. Cf. Gearing at 37-40. Accordingly, the intentional act exclusion does not apply to Carrie Stewart's automobile coverage and State Auto's third assignment of error is overruled.
In summary, the intentional act exclusion in the auto policy does not prohibit Carrie from receiving coverage as a matter of law. However, based on the disposition of the first assignment of error, this case is remanded for a factual determination: the trial court must decide if Carrie Stewart had a reasonable belief she could use the vehicle and, therefore, whether State Auto must defend and indemnify Carrie Stewart based on the Stewarts' auto policy. Finally, we conclude that State Auto has no obligation to defend and indemnify Steven Stewart based on the motor vehicle exclusion in the Stewarts' homeowner policy.
Judgment affirmed in part, reversed in part and remanded for proceedings not inconsistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.
[1] In this appeal, appellees include the Stewarts and the Vontsolos; the Vontsolos' automobile insurance carrier, State Farm Mutual Automobile Insurance Company; and ChoiceCare, the Vontsolos' health insurance provider.
[2] The February 17, 1998 entry finds "no just cause for delay" pursuant to Civ.R. 54(B).