[Cite as *Cincinnati Ins. Co. v. Ohio Mut. Ins. Co.*, 2014-Ohio-168.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| CINCINNATI INSURANCE COMPANY,     | : |                              |
| et al.,                           |   |                              |
|                                   | : | CASE NO.   CA2013-06-101     |
| Third Party Plaintiffs-Appellees, |   |                              |
|                                   | : | O P I N I O N                |
|                                   |   | 1/21/2014                    |
| - vs -                            | : |                              |
|                                   |   |                              |
|                                   | : |                              |
| OHIO MUTUAL INSURANCE COMPANY,    |   |                              |
| et al.,                           | : |                              |
|                                   |   |                              |
| Defendants-Appellants.            | : |                              |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-09-3155

John K. Benintendi, P.O. Box 145496, Cincinnati, Ohio 45250-5496, for third party plaintiff-appellee, Cincinnati Insurance Co.

David T. Davidson, 127 North Second Street, Hamilton, Ohio 45011, for defendant-appellant, Ohio Mutual Insurance Co. and defendant, Vera Whicker

Richard A. Hyde, 6 South Second Street, Suite 311, Hamilton, Ohio 45011, for plaintiffs, Tailor P. Rice and Angela S. Diefenbach

Paul B. Roderer, Jr., 4 East Schantz Avenue, Kettering, Ohio 45409, for defendant, Rochelle N. Alassoud

John M. Williams, 1050 Delta Avenue, Suite 1000, Cincinnati, Ohio 45208, for defendant, Allstate Insurance Co.

**RINGLAND, J.**

{¶ 1}  Defendant-appellant, Ohio Mutual Insurance Co., appeals from a decision in

the Butler County Court of Common Pleas granting a motion for summary judgment by plaintiff-appellee, Cincinnati Insurance Co., and denying Ohio Mutual's motion for summary judgment in a dispute regarding the extent of coverage of an Ohio Mutual automobile insurance policy.

{¶ 2} In February 2010, Vera Whicker obtained liability insurance coverage through Ohio Mutual for a 1996 Chevrolet Blazer (Blazer). On or about September 9, 2010, Rochelle Alassound, Whicker's daughter, was driving the Blazer to a doctor's appointment with Whicker's express permission when she negligently failed to maintain control of the vehicle and caused a collision with Andrew Flum. At the time of the accident, Alassound had a suspended driver's license. While Alassound believed she possessed certain driving privileges allowing her to drive to school, work, and medical appointments, her driving privileges had expired at the time of the accident.

{¶ 3} Flum's automobile insurance company, Cincinnati Insurance, received a judgment against Alassound in the amount of $75,000. Alassound's insurer only paid $50,000 of the $75,000 judgment. Cincinnati Insurance sought the remainder of the judgment from Whicker's insurance company, Ohio Mutual.

{¶ 4} In regard to its claim against Ohio Mutual, Cincinnati Insurance moved for summary judgment. Cincinnati Insurance alleged that both Whicker and Alassound had a reasonable belief that Alassound was authorized to drive the Blazer on the date of the accident and therefore an exclusion in the Ohio Mutual policy was inapplicable. Exclusion A.9. of Whicker's Ohio Mutual insurance policy states:

> A. We do not provide Liability Coverage for any "insured":
>
> * * *
>
> 9. Using a vehicle without a reasonable belief that "insured" is entitled to do so. This Exclusion (A.9.) does not apply to a "family member" using "your covered auto" which is owned by

you.

It is undisputed that Alassound is not considered a "family member" under the Ohio Mutual policy as Alassound does not reside with Whicker. Cincinnati Insurance argued that Ohio Mutual could not rely on Exclusion A.9. of its policy because, construing the policy in favor of the insured, such a reasonable belief existed.

{¶ 5} In response, Ohio Mutual argued that Whicker and Alassound did not have a reasonable belief that Alassound was entitled to drive the Blazer because Alassound's driver's license had been suspended. Ohio Mutual also filed its own motion for summary judgment and argued that Exclusion A.13. of Whicker's Ohio Mutual policy applied. Exclusion A.13. states:

> A. We do not provide Liability Coverage for any "insured":
>
> * * *
>
> 13. For "bodily injury" or "property damage" caused by "your covered auto" when it is driven, operated, or used with your permission by a person other than a "family member" whom you know:
>
> a. Is under the minimum age to obtain a driver's license;
>
> b. Does not have a valid driver's license;
>
> c. Has a *suspended* driver's license;
>
> d. Has a revoked driver's license; or
>
> e. Has a restricted driver's license and is operating a vehicle beyond the scope of such restriction.

(Emphasis added.)

Ohio Mutual argued that it is clear from Whicker's Ohio Mutual policy that all liability resulting from Alassound's operation of the Blazer with a suspended license was excluded.

{¶ 6} The trial court subsequently granted Cincinnati Insurance's motion for summary judgment and denied Ohio Mutual's motion for summary judgment. The trial court held that

Cincinnati Insurance was entitled to summary judgment because exclusions to liability coverage included in Whicker's Ohio Mutual policy did not apply. Based on the same reasoning, the trial court held that Ohio Mutual was not entitled to summary judgment.

{¶ 7} The trial court found that both Whicker and Alassound reasonably believed that Alassound was legally allowed to drive the vehicle to a doctor's appointment on the day of the accident and thus Exclusion A.9. did not apply. Furthermore, the trial court held that the application of Exclusion A.13. was contingent upon Whicker's knowledge because she is the "named insured." The trial court concluded that Exclusion A.13. did not apply because there was no genuine issue of material fact regarding Whicker's knowledge. Whicker believed Alassound possessed driving privileges to commute to school, work, and medical appointments and did not know that these privileges had expired when she granted permission to Alassound to drive the Blazer on the day of the accident.

{¶ 8} Ohio Mutual now appeals, asserting two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} "THE TRIAL COURT ERRED BY FAILING TO DENY COVERAGE TO ALASSOUND BASED ON THE PLAIN MEANING OF THE LANGUAGE OF THE EXCLUSION IN THE POLICY."

{¶ 11} Assignment of Error No. 2:

{¶ 12} "THE TRIAL COURT ERRED IN DETERMINING ALASSOUND HAD A REASONABLE BELIEF THAT SHE WAS ENTITLED TO DRIVE THE [BLAZER]."

{¶ 13} The briefs are somewhat unclear that there are two Ohio Mutual policy exclusions relevant to this appeal. It is clear from the record that two distinct policy exclusions may apply in this case. Nevertheless, both assignments of error concern whether the trial court erred in granting summary judgment to Cincinnati Insurance and failing to grant summary judgment to Ohio Mutual. This court's review of a trial court's ruling on a summary

judgment motion is de novo. *Grizinski v. American Express Financial Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). Civ.R. 56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 14} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 15} An insurance policy is a contract and the relationship between the insurer and the insured is purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh*, 15 Ohio St.3d 107, 109 (1984). The interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally. *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 167-168 (1982); *Nationwide Ins. Co. v. Tobler*, 80 Ohio App.3d 560, 563-564 (12th Dist.1992). In insurance policies, as in other contracts, words and phrases are to be given their plain and ordinary meaning unless there is something in the contract which would indicate a contrary intention. *Olmstead v. Lumbermen's Mut. Ins. Co.*, 22 Ohio St.2d 212, 216 (1970). Where the provisions of an insurance policy are clear and unambiguous, courts may not indulge

themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties. *Tobler* at 564. However, where the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208 (1988), paragraph one of the syllabus.

**Exclusion A.13**

{¶ 16} Under its first assignment of error, Ohio Mutual argues that pursuant to the plain meaning of Exclusion A.13., it does not have to provide insurance coverage if Whicker was aware that Alassound had a suspended driver's license when Whicker granted Alassound permission to drive the Blazer. Cincinnati Insurance argues that the terms "suspended" and "restricted" in Exclusion A.13. are ambiguous because they are not defined in the policy. Cincinnati Insurance asserts that any ambiguity in these terms must be resolved in favor of Whicker, and thus Exclusion A.13. does not apply.

{¶ 17} The application of Exclusion A.13. does not turn on defining the terms "suspended" or "restricted." Rather, applying this exclusion turns on the *knowledge* of the insured as to whether a person's driver's license was actually suspended, revoked, or restricted. There is no dispute that Alassound's driver's license was actually suspended at the time of the accident. Because Alassound's driver's license was suspended, whether this exclusion applies depends on whether Whicker knew Alassound's driver's license was suspended when she granted Alassound permission to drive the Blazer.

{¶ 18} Ohio Mutual concedes that whether Whicker had knowledge that Alassound had a suspended driver's license is a question of fact. However, Ohio Mutual argues that Whicker's knowledge of Alassound's driver's license suspension is not a genuine issue of material fact and thus the trial court erred in failing to grant its summary judgment motion. In making its argument, Ohio Mutual relies on Alassound's deposition testimony that Whicker

knew Alassound had a suspended driver's license. Ohio Mutual also states in its brief: "Whicker testified in her deposition that she knew Alassound's license was suspended, but also knew she had special driving privileges but did not know those privileges had been revoked." We find the language employed in Ohio Mutual's brief somewhat misleading.

{¶ 19} While Alassound testified that Whicker knew that Alassound's driver's license was suspended prior to September 9, 2010, Whicker seemed confused on the issue when questioned. When asked whether Alassound had a valid driver's license, Whicker responded: "I, I don't - - I guess she had her license. I mean, I didn't ask to see them or nothing. You know, I figured she had driving license [sic.], driving privileges. So I assume she had her driver's license. I don't know how that works." Whicker answered affirmatively in response to a leading question: "[Question] Okay. Because when we talk about driving privileges from a court that is where your license is suspended but you're allowed to drive for certain reasons. [Answer] Correct." However, when asked directly whether she knew Alassound's driver's license was suspended on the morning of the accident, Whicker responded, "no."

{¶ 20} Based on Whicker's deposition testimony, we find that there is a genuine issue of material fact as to whether Whicker knew Alassound's driver's license had been suspended when she granted Alassound permission to drive the Blazer on the morning of the accident. Ohio Mutual's first assignment of error is sustained to the extent there is a genuine issue of material fact as to whether Exclusion A.13. applies.

**Exclusion A.9**

{¶ 21} Under its second assignment of error, Ohio Mutual argues that the trial court erred in determining that Exclusion A.9. did not apply because Alassound lacked a reasonable belief that she was authorized to drive the Blazer. Ohio Mutual also asserts that Whicker's grant of permission to Alassound to drive the Blazer was contingent on the fact

that Whicker believed Alassound had privileges to drive to her doctor's appointment. Ohio Mutual contends that there is a genuine issue of material fact to be determined by a jury as to whether Alassound would have been permitted by Whicker to operate the Blazer had it been known that Alassound's driving privileges had been revoked. However, the issue is not what Whicker would have done had she known certain facts. Rather, the issue turns on whether Alassound possessed a reasonable belief that she was authorized to drive the Blazer on the morning of the accident.

{¶ 22} We addressed a similar situation with an almost identical exclusion provision in an automobile insurance policy in *Blount v. Kennard*, 82 Ohio App.3d 613 (12th Dist.1992). In *Blount*, we held that in determining whether a reasonable belief existed that the person could drive the vehicle depended on both "subjective and objective factors, including the extent of permission granted * * *." *Id.* at 616. Furthermore, we held that a person could have a reasonable belief that he was authorized to drive a vehicle even when he had knowledge that his driver's license was suspended. *Id.* at 617. We stated that "[i]f an insurance company 'elects to include language forbidding its insured parties from allowing "disabled" (license suspended) drivers to use covered vehicles, then it is the drafter's prerogative to do so, and in plain language.'" *Id.* at 617, quoting *Cincinnati Cas. Co. v. Rickard*, 5th Dist. Morrow No. CA-726, 1990 WL 166480, *5-6 (Oct. 25, 1990).

{¶ 23} In this case, Whicker testified that she gave Alassound express permission to drive the Blazer on the morning of the accident. Additionally, Alassound testified that she drove the Blazer regularly within her driving privileges and she received permission from Whicker to retrieve keys from Whicker's purse and drive the Blazer to her medical appointment the morning of the accident. Consequently, even though Alassound's driver's license had been suspended, both Whicker and Alassound had a reasonable belief that Alassound was authorized to drive the Blazer the morning of the accident. There is no

genuine issue of material fact regarding this issue. Ohio Mutual's second assignment of error is overruled in part because the trial court was proper in finding that Exclusion A.9. does not apply. Nevertheless, the trial court's grant of summary judgment to Cincinnati Insurance was improper due to the possible applicability of Exclusion A.13. in this instance. Consequently, we also sustain Ohio Mutual's second assignment of error in part.

{¶ 24} We affirm in part the trial court's determination that there is no genuine issue of material fact that Exclusion A.9. does not apply. We reverse the grant of summary judgment to Cincinnati Insurance because a genuine issue of material fact exists as to whether Exclusion A.13. applies and remand this cause for further proceedings consistent with this Opinion.

HENDRICKSON, P.J., and M. POWELL, J., concur.