[Cite as *Canady v. Ohio Cas. Ins. Co.*, 2014-Ohio-596.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WAYMON R. CANADY, ET AL. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| THE OHIO CASUALTY | : | Case No. CT2013-0020 |
| INSURANCE COMPANY, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case Nos. CH2006-0419 and
                            CH2007-0791

JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           February 18, 2014


APPEARANCES:

For Appellant Ohio Casualty                 For Appellee Time Warner

W. JOHN SELLINS                             TIFFANY C. MILLER
125 West Central Parkway                    One Columbus
Cincinnati, OH  45202-1006                  10 West Broad Street
                                            21st Floor
For Appellee John Raytis                    Columbus, OH  43215-3422

DAVID W. HILKERT                            For AppelleeTravelers
PATRICK J. HART
Blair L. Magaziner                          JAMES J. ENGLERT
3475 Ridgewood Road                         600 Vine Street
Akron, OH  44333-3163                       Suite 2650
                                            Cincinnati, OH  45202

*Farmer, P.J.*

{¶1} On January 5, 2001, Waymon Canady was working for Telecommunications Cable Corporation (hereinafter "TCC"). TCC was hired by appellee, Time Warner, Inc., to perform digital cable service work in Zanesville, Ohio. While working on said date, Mr. Canady fell from a ladder and sustained serious injuries.

{¶2} On January 6, 2003, Mr. Canady filed a complaint against TCC and appellee Time Warner, alleging negligence (Case No. CC2003-0009). TCC was insured under a combined workers' compensation and employers liability policy issued by Lumbermens Mutual Casualty Company with a policy limit of $1,000,000.00, and a comprehensive general liability policy issued by appellant, Ohio Casualty Insurance Company, with a policy limit of $1,000,000.00. Appellee Time Warner was purportedly covered under appellant's policy and was also covered under a commercial general liability policy issued by appellee, Travelers Property Casualty Insurance Company of America. TCC was also covered under a $5,000,000.00 umbrella policy issued by appellant that contained employers liability coverage if the primary policy issued by Lumbermens so provided.

{¶3} Per an agreed final judgment entry filed June 16, 2006, Mr. Canady and appellee Time Warner agreed to a settlement in the amount of $850,000.00, $50,000.00 to be paid by appellee Time Warner and the remaining $800,000.00 to be paid by appellant if appellee Time Warner was found to be an additional insured under the policy. By default judgment entry filed November 13, 2006, the trial court awarded Mr. Canady as against TCC $4,000,000.00.

{¶4}   On July 21, 2006 and June 29, 2009, respectively, Mr. Canady filed a complaint and an amended supplemental petition against appellant and Lumbermens to recover the unsatisfied portion of the judgments (Case No. CH2006-0419).  On October 30, 2007, appellant filed a companion case requesting declaratory relief (Case No. CH2007-0791).  The two cases were consolidated.

{¶5}   On August 12, 2010, Mr. Canady passed away.   Substituted for Mr. Canady was appellee, John Raytis, Administrator of the Estate of Waymon Canady.

{¶6}   All parties filed motions for summary judgment and joint stipulations on September 8 and 10, 2010.  On January 23, 2013, the trial court filed its findings and decision and issued its final judgment entry on March 26, 2013, finding appellee Time Warner was an additional insured under appellant's policy issued to TCC, ordered appellant to pay the $800,000.00 due and owing, and determined appellee Travelers was not responsible to contribute to the payment.   The trial court also ordered Lumbermens to pay the first $1,000,000.00 owed by TCC under its employers liability policy, and ordered appellant to pay the remaining $3,000,000.00 judgment against TCC under its umbrella policy.

{¶7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶8}   "THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE OHIO CASUALTY UMBRELLA LIABILITY POLICY PROVIDED COVERAGE FOR THE JUDGMENT FOR DAMAGES IN THE UNDERLYING ACTION AND THE TRIAL

COURT'S JUDGMENT REGARDING OHIO CASUALTY'S DECLARATORY JUDGMENT."

II

{¶9}   "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE CANADY AND AGAINST OHIO CASUALTY ON ITS DECLARATORY JUDGMENT ACTION HOLDING THAT CANADY WAS ENTITLED TO DAMAGES AWARDED AGAINST TIME WARNER, INC. UNDER THE PRIMARY LIABILITY POLICY ISSUED BY OHIO CASUALTY TO TCC."

III

{¶10}  "THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT IN FAVOR OF TIME WARNER AND AGAINST OHIO CASUALTY FOR ATTORNEY FEES INCURRED BY TIME WARNER IN THE DECLARATORY JUDGMENT ACTION."

IV

{¶11} "THE TRIAL COURT ERRED IN DENYING OHIO CASUALTY CONTRIBUTION FOR ANY AMOUNT DETERMINED TO BE OWED BY OHIO CASUALTY TO WAYMON CANADY PURSUANT TO THE AGREED JUDGMENT ENTRY EXECUTED BETWEEN TIME WARNER AND WAYMON CANADY."

{¶12}  The assignments of error challenge the trial court's determination on the motions for summary judgment.  It is clear there is no factual dispute in this appeal.  The issues presented are clear legal questions and can be resolved by an interpretation of the insurance contracts and the law as it is applied.

{¶13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶15} It is important to note that a companion case, App. No. CT2013-0024, has been dismissed by the appellant therein, Lumbermens. The issue raised by that appeal was the trial court's March 26, 2013 judgment against Lumbermens under its employers liability policy:

6. Judgment for John Raytis (Executor of the Estate of Waymon Canady) and against Lumbermens under its employer liability policy in the amount of $1 million because its policy covered the first $1,000,000 of the judgment rendered against TCC, together with 32 percent interest totaling $320,000.00; together with any post-supplemental judgment interest. The Court expressly finds that Lumbermens had notice directly and through its agent of the Zanesville project and the Waymon Canady lawsuit.

It also expressly finds that the policy issued by Lumberman's (sic) Mutual – particularly under the "Other State" Employers Liability Insurance covered TCC for bodily injury in the State of Ohio***because of ambiguous policy language. Further the Court finds that this ambiguity must be construed in favor of the coverage for the incident where Waymon Canady was injured and that no exclusions applied. (Footnote omitted.)

{¶16} Appellant's first assignment of error challenges the validity of this decision in light of it being liable under its umbrella policy which was dependent on the Lumbermens policy. Therefore, the issue of coverage under the Lumbermens policy remains a viable issue.

I

{¶17} Appellant claims the trial court erred in determining it was liable to cover the judgment for damages against TCC under its umbrella policy. Appellant claims no

coverage because the Lumbermens policy did not cover intentional tort claims and there is no coverage under the out-of-state workers' compensation language.

INTENTIONAL TORT COVERAGE

{¶18} Appellee Raytis claims he is entitled to coverage for a judgment his decedent obtained in an intentional tort case against his employer, TCC. The underlying complaint filed January 6, 2003 alleged the following:

12. Knowing that Plaintiff was not properly trained on proper ladder placement in the process of installing digital cable connection. Defendant(s)' actions constituted willful and wanton misconduct and reflected a reckless disregard for Plaintiff's safety.

13. Defendant TCC and/or Defendant WDI knew that if an employee was subjected by his employment to such dangerous process or procedure that harm to the employee was a substantial certainty.

14. Defendant TCC and/or Defendant WDI, under such circumstances, with such knowledge, did act to require Plaintiff, Waymon Canady, to continue to perform the dangerous task.

15. As a direct and proximate result of the negligence, nondelegable duties and intentional tort of Defendants, AOL Time Warner, Inc. and/or Time Warner, Inc., and/or Defendant TCC and/or Defendant WDI, Plaintiff was severely injured on January 5, 2001, when he cut a messenger wire which propelled him from a ladder to the ground in Muskingum County, Ohio. Plaintiff's injuries are severe and permanent;

medical expenses are significant and will continue in the future; has lost wages and will continue to lose wages in the future; has incurred great pain, suffering and disability which will continue for the remainder of his lifetime.

{¶19}  These claims parallel Ohio's definition of an intentional tort:

Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed.1984), in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.  (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)

*Fyffe v. Jeno's Inc.,* 59 Ohio St.3d 115 (1991), paragraph one of the syllabus.

{¶20} Lumbermens insured TCC which had defaulted in the underlying case. Mr. Canady obtained a default judgment and after hearing, was awarded $4,000,000.00. See, Default Judgment Entry filed November 13, 2006 in Case No. CC2003-0009. TCC defaulted to the intentional tort claims therefore, the default judgment was granted on a "substantial certainty" intentional tort.

{¶21} Appellant argues its umbrella policy excludes coverage for "substantial certainty" intentional tort claims, citing in support *McGuffin v. Zaremba Contracting,* 166 Ohio App.3d 142, 2006-Ohio-1734, ¶ 16-17:

Similarly, in *Altvater v. Ohio Cas. Ins. Co.,* Franklin App. No. 02AP-422, 2003-Ohio-4758, 2003 WL 22077728, the Tenth District found that a policy that excludes coverage for expected or intended acts excludes coverage for substantially certain injuries or acts. The court held:

"Although the language in the present policies does not expressly exclude coverage for substantial-certainty employer intentional torts, as did the policy in *Penn Traffic* [*Co. v. AIU Ins. Co.,* 99 Ohio St.3d 227, 2003-Ohio-3373, 790 N.E.2d 1199], these policies do contain the same proscription against coverage for any bodily injury 'expected or intended.' Thus, we apply the following concepts from *Penn Traffic* to the present case: (1) where substantial certainty exists, intent to harm will be inferred as a matter of law, and (2) there is no coverage for substantial-certainty employer intentional torts where an insurance policy excludes coverage

for bodily injury 'expected or intended' from the standpoint of the insured."

Id. at ¶ 16.

{¶22}  Appellant argues in the Lumbermens policy under Part Two – Employers Liability Insurance, Section C, Exclusions, Subsection 5, the policy excludes coverage for "[b]odily injury intentionally caused or aggravated by you."

{¶23}  Appellant's umbrella policy under Section I, Coverages, Subsection A states the following:

The policy contains EXCLUSIONS which provides that this insurance does not apply to:

A. "Bodily injury" or "property damage" expected or intended from the standpoint of the "Insured."  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

{¶24} Because of the Lumbermens exclusion for intentional tort liability, appellant's umbrella policy does not cover intentional torts which are also specifically excluded in its policy.  As to any judgment arising from Lumbermens employers liability policy and appellant's umbrella policy for the intentional tort claims, we find the trial court erred in finding coverage.

WORKERS' COMPENSATION COVERAGE

{¶25} The information page of the Lumbermens policy for workers' compensation coverage at Item 3.A. specifically states the policy applies to CT and NY. Item 3.C. specifically states the policy applies to the states listed here: "ALL EXCEPT THOSE LISTED IN ITEM 3A AND ND, OH, WA, WY AND WV." The policy also includes "Other States Insurance" under Part Three which states the following:

**A. How This Insurance Applies:**

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

\*\*\*

4. If you have work on the effective date of this policy in any state not listed on Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

**B. Notice**

Tell us at once if you begin work in any state listed on Item 3.C. of the Information Page.

{¶26} The question is whether appellee TCC notified Lumbermens of its intended work in Ohio within the cited provisions. Appellee Time Warner hired appellee TCC to do work in Ohio, and required appellee TCC to obtain workers' compensation coverage as a condition precedent to working. See, Stipulation No. 14, filed September 8, 2010. The parties' stipulations also included the following:

17. Leo Miller, an underwriter for Ohio Casualty, reviewed the request for a Certificate of Insurance forwarded to Ohio Casualty by Shoff Darby. By return facsimile correspondence, Mr. Miller advised that Ohio Casualty would accept only changes noted on the reply to Shoff Darby and no other changes to the form Acord Certificate of Insurance.

18. Shoff Darby through its agent William Pierz, issued to Time Warner a Certificate of Insurance on May 10, 2000 for Commercial General Liability and Umbrella Coverage with Great American (Ohio Casualty) and Workers' Compensation and Employers Liability Coverage with Lumbermens. A copy of the Certificate of Insurance issued on May 10, 2000 is identified as Exhibit 15.

{¶27} Exhibit 15 referenced in the stipulations is the Acord Certificate of Liability Insurance which provided workers' compensation coverage from March 19, 2000 to March 19, 2001 in the amount of $1,000,000.00. The certificate is signed by an "Authorized Representative," and lists appellant as an insurer affording coverage, appellee TCC as the insured, and appellee Time Warner as an additional insured: "Time

Warner Communications, its agents, affiliates and subsidiaries are named as Additional Insureds as respects work being performed by or on behalf of Insured."

{¶28} Because this certificate alters the "Ohio" state exclusion, we find the Lumbermens policy had $1,000,000.00 in workers' compensation coverage, thereby triggering coverage under appellant's umbrella policy.

{¶29} Upon review, we find umbrella coverage for the workers' compensation claims, but not the intentional tort claims.

{¶30} Assignment of Error I is denied.

II

{¶31} Appellant claims the trial court erred in finding appellee Raytis was entitled to recover damages against appellee Time Warner under appellant's policy insuring appellee TCC. We disagree.

{¶32} In its final judgment entry filed March 26, 2013, the trial court determined the following:

2. This Court renders judgment in favor of underlying Defendant, Time Warner, and against Ohio Casualty and finds that Ohio Casualty had notice of the Zanesville TW project; had notice of the Certificate of Insurance and authorized its agent to issue it; that TW relied upon the certificate that coverage exists for TW as an Additional Insured on the Ohio Casualty policies issued to TCC; that Ohio Casualty is estopped from denying this fact; that no exclusions applied. Thus, Ohio Casualty had a duty to defend TW and breached that duty. As a direct and proximate

cause, Ohio Casualty is obligated to pay TW's attorney fees and costs, and has a duty to indemnify TW for any liability, judgment, or settlement arising out of the lawsuit filed by Plaintiff against TW. Accordingly, judgment to Time Warner and against Ohio Casualty on the cross-claim filed by Defendant, Time Warner, for the $50,000 paid by Time Warner on the $850,000 judgment. This judgment also includes 32 percent interest on the $50,000 claim – to wit $16,000 – along with statutory post-judgment interest.

{¶33} Appellant argues the Acord Certificate of Liability Insurance was non-binding. In Assignment of Error I, we found it to be binding upon appellant because it specifically listed appellant as an insurer, listed appellees Time Warner and TCC as insureds, and designated an insurance contract number.

{¶34} Upon review, we find the trial court did not err in finding appellee Raytis was entitled to recover damages against appellee Time Warner under appellant's policy.

{¶35} Assignment of Error II is denied.

III

{¶36} Appellant claims it had no duty to defend appellee Time Warner and therefore the award of attorney fees to appellee Time Warner was not warranted. We disagree.

{¶37} Stipulation No. 9 clearly establishes appellee Time Warner's demand for a defense and for participation by appellant:

9. On May 3, 2006, W. Evan Price, counsel for Time Warner sent a letter to Robert Brockman, litigation specialist at Ohio Casualty advising that Time Warner was in the process of negotiating a settlement with Plaintiff [Waymon Canady] whereby Time Warner would agree to a judgment of approximately $850,000.00 and Plaintiff would agree to pursue collection against applicable policies issued to Telecommunication Cable Corp. that named Time Warner as an additional insured. The letter further advised that Time Warner wanted to notify Ohio Casualty of the proposed settlement and offer Ohio Casualty a final opportunity to agree to defend and indemnify Time Warner with respect to the litigation. A copy of this letter is identified as Exhibit 7. On June 16, 2006, an Agreed Final Judgment Entry was signed by the Judge. The Judgment Entry was in favor of Waymon Canady in the sum of $850,000 and against Time Warner. Time Warner has paid $50,000.00 to Waymon Canady. A copy of the Agreed Final Judgment Entry is identified as Exhibit 8.

{¶38} Appellant refused to defend or participate in the settlement. In *Steffen v. Erie Insurance Company,* 5th Dist. Stark No. 99CA00022, 1999 WL 668865, *3 (August 9, 1999), we explained the following:

When an insurer such as appellee refuses to defend its insured as required by the terms of the insured's policy, the insured may recover from the insurer attorney fees "which the insured incurs in the action brought to

enforce the duty to defend and in the defense of the claims for which the duty to defend exists." *Blount v. Kennard* (1992), 82 Ohio App.3d 613, 617, 612 N.E.2d 1268.

{¶39} Appellant also argues attorney fees are not proper in a declaratory judgment action, citing R.C. 2721.16. We agree, however, this is a consolidated case with Case No. CH2007-0791 wherein fees would be appropriate, and appellant's October 30, 2007 declaratory judgment action included a claim for monetary damages:

(D) In the alternative, if the court determines that Time Warner, Inc. is entitled to coverage under the policy of insurance issued by Great American Insurance Company, Travelers Property Casualty Company of America shares liability in equal amounts for defense and indemnification for any judgment or settlement in favor of Waymon Canady.

(E) A money judgment in favor of the Plaintiffs for any amounts in excess of their proportionate share of liability for defense and indemnification costs for any judgment or settlement in favor of Waymon Canady.

{¶40} Upon review, we find the trial court did not err in awarding attorney fees to appellee Time Warner.

{¶41} Assignment of Error III is denied.

IV

{¶42} Appellant claims the trial court erred in denying its request for contribution from appellee Travelers. We disagree.

{¶43} Appellee Travelers insured appellee Time Warner under a commercial general liability policy. In denying appellant contribution from appellee Travelers, the trial court determined the following in its final judgment entry filed March 26, 2013:

4. Judgment against Ohio Casualty and for Travelers on Ohio Casualty's Third-Party Complaint against Travelers as to all relief requested therein, including the claim that Ohio Casualty was entitled to pro rata or other contribution from Travelers, the CGL carrier for Time Warner, in payment of Ohio Casualty's liability to pay any portion of the Agreed Final Judgment Entry against Time Warner because of Time Warner's status as an Additional Insured under the Ohio Casualty policies issued to Time Warner.

5. Judgment for Travelers and against Ohio Casualty on Travelers' Counterclaim against Ohio Casualty. The Court finds that underlying Defendant, Time Warner, is an Additional Insured under the Ohio Casualty policies issued to TCC; that Ohio Casualty is stopped from denying such fact; that no exclusions applied; that Ohio Casualty had a duty to defend TW and breached that duty, that Ohio Casualty is obligated to pay TW's attorney fees and costs, and that Ohio Casualty has a duty to indemnify TW for any liability, judgment, or settlement arising out of the lawsuit filed

by Plaintiff against TW. Accordingly, judgment is hereby entered in favor

of Time Warner and against Ohio Casualty for the monetary amounts set

forth in Paragraph 2, above.

{¶44} As determined in Assignment of Error I, appellee Time Warner was an additional insured under appellant's policy with appellee TCC. In the Summary of Insurance Requirements issued by appellee Time Warner to appellee TCC, Exhibit 13 to the Stipulations, Subsection 7(d) specifically states, "[a]ll policies of insurance will contain a statement that said policy is *primary* coverage to Time Warner Cable and its agents, affiliates and subsidiaries and that any coverage maintained by Time Warner Cable is non-contributory." The intent of the summary language was to place the insurance risk on appellee TCC's insurer, appellant herein. Appellant's argument regarding "other insurance" provisions is inapplicable given the summary language. Further, appellant was asked to participate in the settlement negotiations involving appellee Time Warner, but refused to do so. See, Stipulation No. 9, *supra;* Exhibit No. 7.

{¶45} Upon review, we find the trial court did not err in denying appellant's request for contribution from appellee Travelers.

{¶46} Assignment of Error IV is denied.

{¶47} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg